THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant and Cross-Appellee, v. BANK OF WAUKEGAN, as Trustee, *et al.*, Defendants-Appellees and Cross-Appellants.

Second District   No. 2—86—0794

Opinion filed February 23, 1987.—Rehearing denied April 1, 1987.

Charles L. Siemon, Gerald P. Callaghan, and Andrew C. Stansell, all of Siemon, Larsen, Mattlin & Purdy, of Chicago, for appellant.

James T. Magee and Hilary J. Negele, both of James T. Magee & Associates, of Round Lake, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the town of Libertyville (township), filed a complaint for condemnation pursuant to the Township Open Space Act (Act) (Ill. Rev. Stat. 1985, ch. 139, par. 321 *et seq.*) seeking to condemn a "less than fee simple" interest in certain real property held in trust by defendant, the Bank of Waukegan, under trust No. 666 for the benefit of defendants, Mario R. Egidi and Blanche E. Egidi. Other parties having an interest in the property were also named as defendants although they did not participate in this appeal and are not further referred to herein as defendants. The complaint stated that a majority of the registered voters of the township had approved a resolution allowing the town board to enter an open space program, and that the town board had adopted a resolution which authorized the purchase for $96,000 or condemnation of the subject property as part of its open space plan. The "less than fee simple" interest was described in the resolution as "that interest, the acquisition of which will restrict and limit the development of the property to the activities for which it is presently used, subject to certain conservation and other restrictions necessary to accomplish the purposes of the Open Space Act." The township in its complaint for condemnation expressly alleged that it was authorized under the Act to acquire the fee simple title or such lesser interest as may be desired and that it was seeking a "less than fee simple" interest in the subject property.

Defendants filed a motion to dismiss the complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619) contending, *inter alia*, that the complaint failed to state a cause of action as the subject property was exempt from condemnation under the statute because of its use for farming or agricultural purposes and because it is not "open land" or "open space" as defined by the statute, as the property was less than 50 acres.

At a hearing on the motion to dismiss, the parties stipulated that the underlying fee of the property qualified for farmland assessment

and would be exempt from condemnation under the Act. The township did not stipulate that the future development rights are used for agricultural or farming purposes or qualify for the agricultural or farmland exemption from condemnation under the statute. Witnesses for the township testified that the parcel of land from which development rights were sought to be acquired in this action was 46.073 acres and was to be part of the township's open space plan, which was authorized by the voters in a referendum in November 1985. Other areas around the subject property were characterized as open land and open space and, including the subject property, the area of open land and open space was at least 50 acres. The purpose of the condemnation was to safeguard the rural interests of the township, to provide scenic vision to persons travelling along Route 21, and to preserve the environment by generating green space to cleanse the air and by absorbing rainfall. There was testimony that the subject property was annexed to the city of Waukegan subsequent to the institution of these proceedings.

The trial court, in interpreting the Act, found that the exemption from condemnation of real estate used for farming or agricultural purposes under the Act applied to the fee and any other interest in the subject property, and that the piece of property being condemned must be 50 acres or more. For these reasons, the complaint was dismissed by the trial court. An application for attorney fees and costs pursuant to section 7—123 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 7—123) was filed by defendants after the filing of the township's notice of appeal from the dismissal order. The trial court found it had lost jurisdiction to hear the matter upon the filing of the notice of appeal and would not have jurisdiction on this question until completion of the appeal and remandment. Defendants have cross-appealed from this order.

The township raises three issues in its appeal: (1) whether the trial judge misinterpreted the stipulation; (2) whether the township is authorized under the Act to condemn a conservation easement, extinguishing future development rights, which is appurtenant to land that is used for farming or agricultural purposes; and (3) whether the township is required by the Act to condemn land in units of 50 acres or more. We have allowed an *amici curiae* brief by the Trust for Public Land and the Land Trust Exchange to be filed in support of the township's brief as to the latter two contentions. Defendants' cross-appeal raises the single issue of the circuit court's jurisdiction to hear their application for attorney fees and costs.

The township's initial contention is that the trial judge erred

when he found that the parties had stipulated that the real estate interest to be acquired is farmland. We summarily reject this argument based upon an examination of the entire record of the proceedings below. While the trial judge perhaps inartfully reiterated the stipulation, it is evident from all his comments that he understood the distinction the township was making, that the township was seeking to condemn the future development rights to the subject property which it did not stipulate would qualify for the agricultural or farmland exemption. The township made it very clear that the stipulation was only that the underlying fee was used for agricultural or farming purposes.

The township next contends that the trial court erred in determining that the interest they sought to acquire, now described as a conservation easement on the property, which would extinguish the right to develop the land in the future, was exempt from condemnation under the Act. Section 4.02 of the Act permits townships which have been authorized by the voters to establish an open space program:

> "[t]o acquire by gift, legacy, purchase, condemnation in the manner provided for the exercise of the right of eminent domain under Article VII of the Code of Civil Procedure, approved August 19, 1981, as amended, except where the real estate qualifies for additional valuation under Sections 20a—1 though 20a—3 of the 'Revenue Act of 1939' because of its use for farming or agricultural purposes, lease, agreement or otherwise the fee or any lesser right or interest in real property that is open land, as defined in Section 2, and to hold the same with or without public access for open space, scenic roadway, pathway, outdoor recreation, or other conservation benefits." (Ill. Rev. Stat. 1985, ch. 139, par. 324.02.)

Sections 20a—1 through 20a—3 of the Revenue Act of 1939 referred to in section 4.02 were repealed by Public Act 83—347, effective September 14, 1983, and not replaced. Ill. Rev. Stat. 1981, ch. 120, pars. 501a—1 through 501a—3.

The township maintains that, based on this language, it is authorized to acquire a "less than fee interest" and the less than fee interest it is seeking to acquire, a conservation easement, is not used for farming or agricultural purposes and does not qualify for additional valuation, so the property is not exempt from condemnation under the statute. It also maintains that the interest it is seeking to acquire is a separate, divisible interest in the land, citing *Penn Central Transportation Co. v. City of New York* (1978), 438 U.S. 104, 57 L. Ed. 2d 631, 98 S. Ct. 2646, for the proposition that property rights are a "bundle" of rights, and those rights are separate and divisible.

Defendants concede that, as a general proposition, a conservation right is a property interest distinguishable from the underlying fee (see Ill. Rev. Stat. 1985, ch. 30, par. 401; Richter, *Conservation Rights in Illinois—Meshing Illinois Property Law with Federal Tax Deduction Requirements*, 71 Ill. Bar. J. 430, 434 (1983)) which the legislature may confer the right to condemn (*Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 324, 335 N.E.2d 443; *City of Crystal Lake v. La Salle National Bank* (1984), 121 Ill. App. 3d 346, 353, 459 N.E.2d 643). The issue in dispute, however, is whether the Township Open Space Act grants a township the authority to condemn a conservation easement on land which currently qualifies as farmland or agricultural land.

█ █ A public body has only such powers of eminent domain as are given to it by the legislature. (See *Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 324, 335 N.E.2d 443.) Eminent domain statutes are required to be strictly construed to protect the property rights of landowners. (*City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 378, 385 N.E.2d 687; *County of Kane v. Elmhurst National Bank* (1982), 111 Ill. App. 3d 292, 296, 443 N.E.2d 1149.) It is fundamental that courts, when interpreting a statute, must ascertain and give effect to the legislature's intention in enacting the statute. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479, 498 N.E.2d 1102.) In doing so, courts must give the language of the statute its plain and ordinary meaning without resorting to other aids for construction. (113 Ill. 2d 473, 479, 498 N.E.2d 1102; *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.) Where the language is ambiguous, however, it is appropriate to examine the legislative history. *People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174.

Examination of section 4.02 of the Act (Ill. Rev. Stat. 1985, ch. 139, par. 324.02) reveals that the provision authorizing the power to condemn exempts therefrom "real estate" used for farming or agricultural purposes. The township contends that "real estate" means any interest in real estate and is not limited to a fee simple interest in the property. Thus, it argues that the conservation easement is such an interest, and, as it is a future right and cannot now be actually used for farming or agricultural purposes, it is not exempt under the language of the statute. We do not believe that such a construction can be ascertained from a plain reading of the statute.

█ The statute clearly exempts real estate used for farming or agricultural purposes from condemnation. We believe that the plain and ordinary meaning of the statute is that the fee or any lesser right

or interest in real property that is open land may be acquired by condemnation except where the land is being used for farming or agricultural purposes. The employment of the words "real estate *** use[d] for farming or agricultural purposes" is intended to be descriptive of the type of real estate use which is exempt from condemnation and not the particular interest in the real estate. To interpret the condemnation provision as the township asserts would implicitly be authorizing condemnation of a conservation easement and other lesser interests in real estate without the legislature's expressly conferring such power. As stated above, eminent domain statutes are required to be strictly construed. *City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 378, 385 N.E.2d 687.

While seeking guidance from the legislative history is unnecessary where the statute is clear, we find nothing in the transcripts of the legislative debates which would support the township's contention. (*Cf. County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 152, 485 N.E.2d 1076.) Senate amendment No. 4 to House Bill 853, the Illinois Open Space Act, was proposed because members of the senate committee were concerned that the eminent domain powers in the legislation were too strong. (79th Ill. Gen. Assem., Senate Proceedings, June 12, 1975, at 68.) This amendment was to protect active farms from eminent domain powers under the Act (79th Ill. Gen. Assem., Senate Proceedings, June 12, 1985, at 68) and to restrict the powers of eminent domain so that lands used for farming and agricultural purposes are not within the powers of eminent domain (79th Ill. Gen. Assem., House Proceedings, June 28, 1975, at 52.) There was no discussion in any of the debates on this legislation regarding a power to condemn lesser interests in farm or agricultural land. Considering the legislators' concern that farmland be exempt from condemnation under the Act, it does not appear that they would intend that the power to condemn a lesser interest in farmland, such as a conservation easement, be given under the Act without some discussion or express provision.

For these reasons, we conclude that the trial court correctly interpreted the Act to mean that land used for farming or agricultural purposes, and any lesser right or interest in the land, was exempt from condemnation under the Act. Because we affirm the circuit court's dismissal of the township's complaint on this basis, we find it unnecessary to decide whether the township is required by the Act to condemn land in units of 50 acres or more. See *Unger v. Nunda Township Rural Fire Protection District* (1985), 135 Ill. App. 3d 758, 764, 482 N.E.2d 123; *Wilson v. Illinois Benedictine College* (1983), 112 Ill.

App. 3d 932, 936, 445 N.E.2d 901.

■■ We turn next to defendants' appeal from the order which found that the circuit court did not have jurisdiction to hear defendants' application for attorney fees and costs because the township had previously filed a notice of appeal from the judgment dismissing its complaint. Defendants contend that their application for attorney fees and costs made pursuant to section 7—123(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 7—123(a)) was timely filed within 30 days of the judgment dismissing the township's complaint and was in the nature of a post-trial motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203), thereby nullifying the effect of the notice of appeal as provided by Supreme Court Rule 303(a)(2) (103 Ill. 2d R. 303(a)(2)) and giving the circuit court jurisdiction to hear the application. The township argues that the application was not a post-trial motion and the notice of appeal prevents the circuit court from obtaining jurisdiction on this matter until completion of the appeal from the dismissal of its complaint.

The application for attorney fees and costs is based on section 7—123(a) of the Code of Civil Procedure, which states in pertinent part:

"[I]f the final judgment is that the plaintiff cannot acquire the property by condemnation, the court shall, upon the application of the defendants or any of them, enter such order in such action for the payment by the plaintiff of all costs, expenses, and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of the complaint, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs." Ill. Rev. Stat. 1985, ch. 110, par. 7—123(a).

The trial court correctly determined that defendants' application under this provision was not a post-trial motion as provided for in section 2—1203 of the Code of Civil Proceeding (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203) as it was not a motion attacking the judgment (see *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403; 103 Ill. 2d R. 303(a)(1)). The trial court erred, however, in determining that the township's prior filing of the notice of appeal deprived it of jurisdiction to consider the application for attorney fees and costs under section 7—123(a).

While the general rule is that the filing of a notice of appeal divests the trial court of jurisdiction, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment. (*In re Estate of Rice* (1985), 130 Ill. App. 3d 416, 426, 473 N.E.2d 1382; *In re Marriage of Magnuson* (1984), 128 Ill. App. 3d 130, 132, 470

N.E.2d 9.) Collateral or supplemental matters include those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from. *In re Estate of Denaro* (1983), 112 Ill. App. 3d 872, 878, 445 N.E.2d 1308.

■ In an analogous situation relating to petitions pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) for attorney fees and reasonable expenses for untrue pleadings, it has been held that the circuit court does not lose jurisdiction to entertain such a petition following the filing of a notice of appeal from the judgment on the underlying suit where it is brought as a separate action after the judgment disposing of the initial claim. (See *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 683-85, 452 N.E.2d 372; *In re Estate of Trampenau* (1980), 88 Ill. App. 3d 690, 698, 410 N.E.2d 918; *Chicago Title & Trust Co. v. Czubak* (1978), 67 Ill. App. 3d 184, 185-86, 384 N.E.2d 765.) Here, attorney fees and costs were sought pursuant to section 7—123(a) and application could not be made thereunder until final judgment in the condemnation suit. The application for these fees and costs lies outside the issues in the underlying judgment and there is no time set in section 7—123(a) for seeking these expenses. Moreover, a litigant may wish either to wait until the appeal process ends before filing an application or to proceed at a time after the judgment is entered. Accordingly, the notice of appeal from the final judgment in the condemnation proceeding did not deprive the trial court of jurisdiction to hear the collateral or supplemental matter of fees and costs pursuant to section 7—123(a).

The judgment dismissing the condemnation complaint is affirmed, and the order refusing to consider defendants' application for attorney fees and costs is reversed, and that matter is remanded.

Affirmed in part; reversed and remanded in part.

NASH and DUNN, JJ., concur.