# ILLINOIS OFFICIAL REPORTS

## Supreme Court

*Illinois Department of Financial & Professional Regulation v. Rodriquez*, 2012 IL 113706

| | |
|---|---|
| Caption in Supreme Court: | THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, Division of Professional Regulation, Appellant, v. JACK V. RODRIQUEZ, M.D., Appellee. |
| Docket No. | 113706 |
| Filed | November 29, 2012 |
| Rehearing denied | January 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The statute providing for fees for invalidating an administrative rule does not create a separate cause of action, and a fee request must be made while the court invalidating the rule maintains jurisdiction over the underlying issue. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Sanjay Tailor, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |

| | |
|---|---|
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of Chicago, of counsel), for appellant. |
| | Stephen N. Roth and Nancy J. Brent, of Wilmette, for appellee. |
| | Richard R. King and Sherri DeVito, of Chicago, for *amicus curiae* Illinois State Medical Society. |
| Justices | JUSTICE GARMAN delivered the judgment of the court, with opinion. |
| | Chief Justice Kilbride and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Jack V. Rodriquez, filed a petition with the circuit court of Cook County seeking reimbursement of litigation expenses pursuant to section 10-55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10-55 (West 2008)). The petition followed a proceeding where Rodriquez successfully invalidated an administrative rule of the Department of Financial and Professional Regulations (Department). The circuit court granted the Department's motion for summary judgment, concluding that Rodriquez's claim for litigation expenses was barred by *res judicata*. The appellate court reversed the circuit court's finding relating to litigation expenses and remanded the cause to the circuit court for a calculation of reasonable litigation expenses. 2011 IL App (1st) 102775. We granted the Department's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)). We have allowed the Illinois State Medical Society to file a brief *amicus curiae* pursuant to Supreme Court Rule 345 (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)). For the reasons that follow, we reverse the judgment of the appellate court and reinstate the circuit court's original judgment.

¶ 2                              BACKGROUND

¶ 3    In June 2000, the Department initiated an investigation into Rodriquez's use of electroconvulsive shock treatment on a patient. Three years later, on June 3, 2003, the Department filed a complaint against Rodriquez alleging that Rodriquez violated section 22 of the Medical Practice Act of 1987 (225 ILCS 60/22 (West 2002)). On a joint motion, the administrative trial was stayed while Rodriquez pursued two related circuit court actions. Accordingly, in 2004, Rodriquez filed his first complaint with the circuit court seeking an order compelling the issuance of deposition subpoenas related to the administrative trial. The circuit court denied the order and the appellate court affirmed. *Rodriquez v. Department of Financial & Professional Regulation*, 374 Ill. App. 3d 270 (2007).

¶ 4        Rodriquez filed a second complaint in 2005, arguing that Rule 1110.220 (68 Ill. Adm. Code 1110.220 (2004)) of the Department's administrative rules was invalid. Rule 1110.220 contains the evidentiary hearsay rules applicable at the Department's administrative hearings. The circuit court granted Rodriquez's motion for summary judgment on October 17, 2005, invalidating Rule 1110.220. Thirty-one days after the entry of the judgment, the Department filed a motion for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)). The circuit court granted the Department's motion and vacated its prior judgment invalidating the rule. On June 22, 2007, the appellate court reversed, finding that the Department's motion for reconsideration had been untimely filed, and reinstated the original order declaring the rule invalid. *Rodriquez v. Illinois Department of Financial & Professional Regulation*, No. 1-06-0236 (2007) (unpublished order under Supreme Court Rule 23).

¶ 5        Following the invalidation of the rule, on April 18, 2008, the Department sent Rodriquez a letter informing him that the Medical Disciplinary Board had determined that Rodriquez had not violated any rules and had ordered the case closed without prejudice. In response, Rodriquez filed a motion to dismiss the complaint with the Department's hearing officer. The Department refused to dismiss the complaint, citing the Medical Disciplinary Board's policy to close cases without prejudice, rather than dismiss the complaint.

¶ 6        Finally, on July 16, 2008, Rodriquez filed a petition for litigation expenses pursuant to section 10-55(c), which is the subject of this appeal. Under section 10-55(c), a litigant is entitled to litigation expenses when he has an administrative rule invalidated. The circuit court found that Rodriquez's claim for litigation expenses was barred by *res judicata*, as it could have been brought with the prior litigation seeking to invalidate the rule, and granted the Department's motion for summary judgment. The appellate court reversed, concluding that section 10-55(c) "allows for a plaintiff to bring an independent action to recover litigation expenses incurred while invalidating an administrative rule" and that *res judicata* did not apply because the operative facts giving rise to the claim for litigation expenses did not arise until the rule was invalidated. 2011 IL App (1st) 102775, ¶ 13. This court allowed the Department's petition for leave to appeal pursuant to Supreme Court Rule 315 (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)).

¶ 7                                          ANALYSIS

¶ 8        The Department argues that section 10-55(c) does not create an independent cause of action for the recovery of fees, and therefore a petition for fees must be brought while the court maintains jurisdiction over the original action. Additionally, the Department argues that the doctrine of *res judicata* bars Rodriquez's petition for fees. The Department requests that we reverse the appellate court's decision and reinstate the circuit court's judgment.

¶ 9        Rodriquez, however, maintains that section 10-55(c) creates a separate cause of action and the court retains indefinite jurisdiction to hear the petition for fees. Rodriquez further contends that *res judicata* does not apply because the claim for fees was unavailable to him until the rule was invalidated. Additionally, Rodriquez argues that the declaratory judgment provisions of the Code of Civil Procedure (735 ILCS 5/2-701 (West 2008)) provide an

applicable exception to the *res judicata* doctrine.

¶ 10    The circuit court granted summary judgment based on statutory construction and *res judicata* principles, and we review *de novo*. *Advincula v. United Blood Services*, 176 Ill. 2d 1 (1996); *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 565 (2000).

¶ 11    Section 10-55(c)

¶ 12    At issue is whether section 10-55(c) authorized Rodriquez to bring a claim for attorney fees more than one year after the rule was invalidated. The appellate court agreed with Rodriquez and ruled that section 10-55(c) authorizes an independent cause of action without any time limitation. The Department, however, argues that the petition for fees must be made while the court invalidating the rule maintains jurisdiction over the underlying litigation. Section 10-55(c) states:

> "In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency's exceeding its statutory authority or the agency's failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." 5 ILCS 100/10-55(c) (West 2010).

¶ 13    The principles of statutory interpretation are well established.

> "The fundamental principle of statutory construction is to ascertain and give effect to the legislature's intent. [Citations.] The language of the statute is the most reliable indicator of the legislature's objectives in enacting a particular law. [Citation.] We give statutory language its plain and ordinary meaning, and, where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007).

As section 10-55(c) provides for attorney fees, it is to be strictly construed. *Carson Pirie Scott & Co. v. State of Illinois Department of Employment Security*, 131 Ill. 2d 23, 49 (1989). Additionally, the purpose of section 10-55(c) "is to discourage enforcement of invalid rules and give those subject to regulation an incentive to oppose doubtful rules where compliance would otherwise be less costly than litigation." *Citizens Organizing Project v. Department of Natural Resources*, 189 Ill. 2d 593, 598-99 (2000).

¶ 14    The Department focuses on the use of the phrase "the court" in section 10-55(c). It argues that under the plain language of the statute, "the court" refers to the specific court in which the claim for fees arose. Focusing on the same phrase, Rodriquez argues that the word "court" does not refer to a particular judge or division of the court, but rather the court as a whole.

¶ 15    The phrase "the court" may not be read in isolation. Rather, statutory phrases are to be interpreted along with other pertinent provisions of the statute. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). Therefore, we must read "the court" together with the rest of section 10-55(c). The relevant language from section 10-55(c) reads, "In any case in which a party has any administrative rule invalidated *** the

court shall award the party bringing the action the reasonable expenses of the litigation." When "the court" is read together with this phrase, it becomes clear that the fees are to be awarded by the court that invalidated the rule. Therefore, the fee request must be made while the court invalidating the rule maintains jurisdiction. While we agree with Rodriquez's argument that the word "court" does not refer to a particular judge or division, we are not concluding that the fee petition must be made to the same judge who invalidated the rule. Rather, the petition for fees must be brought before the court that invalidated the rule, while it maintains jurisdiction.

¶ 16 Rodriquez points to this court's decision in *Nottage v. Jeka*, 172 Ill. 2d 386 (1996), in support of his argument that section 10-55(c) provides an independent cause of action. In *Nottage*, this court held that section 508 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508 (West 2010)), which allows the court to award a party attorney fees, did not prevent a separate cause of action filed by the attorney seeking fees based on a breach of contract. *Nottage* is distinguishable from the present case. In *Nottage*, the party sought fees based upon a contractual provision. The party was not seeking fees under the statutory provision in the Illinois Marriage and Dissolution of Marriage Act.

¶ 17 Additionally, Rodriquez maintains that because the statute does not include an express time limitation, the petition for fees may be brought at any time.[1] Rodriquez is correct that the court "must not depart from the plain language of the Act by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). The plain language of section 10-55(c), however, does in fact place such a limit. Under section 10-55(c), the petition for fees must be brought in the case in which the rule was invalidated. The legislature did not need to include a time limitation because the claim for fees necessarily arises in the same action in which the administrative rule is invalidated.

¶ 18 We conclude that the plain language of section 10-55(c) does not create a separate cause of action, and therefore the fee request must be brought while the court invalidating the rule maintains jurisdiction. Next, we must determine whether the court retained jurisdiction when Rodriquez's petition for fees was filed on July 16, 2008. The parties disagree as to the relevant date the rule was invalidated. Rodriquez argues that the rule was invalidated twice, both when the circuit court invalidated the rule on October 17, 2005, and on June 22, 2007, when the appellate court reinstated the circuit court's October 17, 2005, order. The Department disagrees, maintaining that only the circuit court's October 17, 2005, order is relevant. We need not decide which date is pertinent. Applying either date, neither the appellate nor the circuit court retained jurisdiction when the fee petition was filed on July 16, 2008.

¶ 19                                              Ripeness

¶ 20 Rodriquez also maintains that his claim for fees was unripe and therefore was unavailable

---

[1]At oral argument Rodriquez conceded that at a minimum the default five-year statute of limitations would apply. 735 ILCS 5/13-205 (West 2010).

at the time the rule was invalidated. The appellate court agreed, concluding that the relevant operative facts did not arise until the regulation was declared invalid. The appellate court relied on *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066 (1987). In *Libertyville*, the court considered the defendants' application for attorney fees made pursuant to section 7-123(a) of the Code of Civil Procedure, now section 10-5-70 (735 ILCS 30/10-5-70 (West 2010)). As Rodriquez and the appellate court point out, the court in *Libertyville* stated that the application for attorney fees "could not be made thereunder until final judgment in the condemnation suit" and that a litigant could "wait until the appeal process ends before filing an application or *** proceed at a time after the judgment is entered." *Libertyville*, 152 Ill. App. 3d at 1073. We find *Libertyville* to be inapplicable to the issue at hand. First, the issue addressed in *Libertyville* was whether the circuit court lost jurisdiction to rule on the fee request after the plaintiff's notice of appeal. *Id.* at 1072. Also, in *Libertyville*, the fee request was made within 30 days of the final judgment, while the court maintained jurisdiction.

¶ 21    Rodriquez cites two additional appellate court cases in support of his argument that the claim for fees was unripe and unavailable at the time the rule was invalidated. First, in *Ardt v. State of Illinois*, 292 Ill. App. 3d 1059 (1997), the plaintiff sought litigation expenses in the circuit court more than four years after the appellate court invalidated an administrative rule. Rodriquez points out that not only was the petition filed four years later, but it was also filed in a court other than the one that invalidated the rule. In reading *Ardt*, we must consider that the defendant challenged only the amount of the fees, not the circuit court's authority to award litigation expenses arising from the prior litigation. As this issue was not raised, it was also not addressed by the court and has little impact on our analysis.

¶ 22    Rodriquez also looks to *Berrios v. Rybacki*, 236 Ill. App. 3d 140 (1992), for support. After filing workers' compensation claims, the plaintiff in *Berrios* filed suit, challenging the validity of the Illinois Industrial Commission's arbitration rules. In his initial complaint, the plaintiff sought attorney fees in the event that the rules were invalidated. *Id.* at 142. The circuit court upheld the rules at issue, but the appellate court found a rule to be invalid and remanded the cause to the circuit court. *Id.* at 142-43. During this process, the plaintiff and the Commission reached a settlement that authorized the plaintiff to receive attorney fees. *Id.* Eight months after the circuit court entered its order on remand, the plaintiff's attorneys filed a petition for attorney fees. *Id*. at 143. The circuit court granted the fee request and it was affirmed upon appeal.

¶ 23    Rodriquez argues that *Berrios* shows that the court invalidating the rule (here the appellate court) need not be the court that awards the fees (here the circuit court) and that there is no time limitation for the fee request. *Berrios*, however, is not applicable to the present case. Even though the attorney's petition for fees came months after the rule invalidating the rule, the plaintiff in *Berrios* requested the fees in his initial complaint. Furthermore, the parties in *Berrios* had reached a separate agreement entitling the plaintiff to fees.

¶ 24    Contrary to Rodriquez's argument that his claim for fees was unavailable to him at the time Rule 1110.220 was invalidated, past litigants have made fee requests pursuant to section 10-55(c) both with the initial claim to invalidate the rule and while the court retained

jurisdiction after invalidating the rule. In *Citizens Organizing Project v. Department of Natural Resources*, 189 Ill. 2d 593, 598-99 (2000), the plaintiff filed a petition for fees after it succeeded in having an administrative rule invalidated. *Id.* at 597. The exact date of the fee request is unclear, but this court noted that the petition was "timely filed" and that it was filed in conjunction with the same case in which the rule was invalidated. *Id*. Similarly, the defendant in *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593 (2008), filed its petition for litigation expenses with the appellate court that invalidated the rule. Although the fee request was filed after the order invalidating the rule, it was made before the opposing party filed its petition for leave to appeal, while the appellate court retained jurisdiction.

¶ 25    Furthermore, in *Carson Pirie Scott & Co. v. State of Illinois Department of Employment Security*, 131 Ill. 2d 23, 31 (1989), the plaintiff sought administrative review after the Director of Employment Services partially denied the plaintiff's request to cancel some of the benefit wage charges filed against it. The circuit court reversed the Director's final order and the plaintiff then filed a motion for attorney fees pursuant to the former section 1014.1(b) of the Illinois Administrative Procedure Act (now section 10-55(c)). *Id.* The circuit court denied the motion. The Department of Employment Services appealed and the plaintiff cross-appealed the circuit court's denial of fees. *Id.* This court upheld the denial of attorney fees because the rule upon which the plaintiff relied was not invalidated by the circuit court. *Id.* at 50. While the exact date of the motion for fees is unclear, the motion was clearly filed in the circuit court that maintained jurisdiction before the case went on to appeal.

¶ 26    Additional appellate court cases support the conclusion that Rodriquez's fee request was available at the time the rule was invalidated. See *Pollachek v. Department of Professional Regulation*, 367 Ill. App. 3d 331, 337 (2006) (upon remand, the plaintiff filed a second amended complaint claiming that a rule under the Nursing Act was invalid and made a request for attorney fees pursuant to section 10-55(c) within the same complaint); *Hansen v. Illinois Racing Board*, 179 Ill. App. 3d 353, 356 (1989) (awarding fees pursuant to former section 1014.1(b) (now section 10-55(c)) at the same time the court invalidated rule); *Hernandez v. Fahner*, 135 Ill. App. 3d 372, 374-75 (1985) (ruling on a section 10-55(c) fee request at the same time the court granted the plaintiff's request for summary judgment).

¶ 27    As discussed above, the plain language of section 10-55(c) does not authorize an independent cause of action. In turn, the cases above demonstrate that Rodriquez's claim for fees was available at the time he sought to have the rule invalidated. The fee petition could have been filed along with the original complaint seeking a declaratory judgment, or shortly after the rule was invalidated while the court maintained jurisdiction. By choosing to wait more than one year after the appellate court reinstated the circuit court's invalidation of the rule, Rodriquez forfeited his right to fee reimbursement.

¶ 28                                    Collateral Matter

¶ 29    Rodriquez also urges this court to conclude that a fee request made under section 10-55(c) is a collateral action. Furthermore, Rodriquez contends that as a collateral matter, the circuit court retained indefinite jurisdiction to hear the fee request. This argument is without

merit.

¶ 30　　Even if we assume that Rodriquez is correct that a fee request made pursuant to section 10-55(c) is a collateral matter, Rodriquez establishes no support for his contention that the fee request may be made at any time. None of the cases cited by Rodriquez discuss whether a litigant may recover fees pursuant to section 10-55(c) in a separate cause of action. Rather, several cases cited by Rodriquez merely conclude that the circuit court retains jurisdiction over collateral matters even after a notice of appeal deprived the court of jurisdiction. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163 (2011) (relating to whether, after notice of appeal was filed, the circuit court maintained jurisdiction to award interest on tax refunds as provided by the Property Tax Code); *Djikas v. Grafft*, 344 Ill. App. 3d 1, 13-14 (2003) (finding that a motion for sanctions arising from conduct subsequent to the circuit court's order did not eliminate the circuit court's jurisdiction over the original order); *Hartford Fire Insurance Co. v. Whitehall Convalescent & Nursing Home, Inc.*, 321 Ill. App. 3d 879 (2001) (focusing on whether a motion for fees affected the defendant's ability to appeal the court's judgment); *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023 (1999) (determining whether an order constituted a final judgment when the order did not rule on the parties' claims for attorney fees that had been made with the original complaint and answer); *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1072-73 (1987) (finding that circuit court did not lose jurisdiction to hear fee petition after the filing of a notice of appeal).

¶ 31　　Other cases cited by Rodriquez involved situations where the fee issue was separate from the issues in the underlying case, unlike the fees provided by section 10-55(c). See *Moenning v. Union Pacific R.R. Co.*, 2012 IL App (1st) 101866 ¶¶ 4, 29 (determining that plaintiff's attorney's claim for fees pursuant to the Attorneys Lien Act (770 ILCS 5/1 (West 2010)) addressed issues separate from the underlying issue); *Djikas v. Grafft*, 344 Ill. App. 3d 1 (2003) (sanctions sought pursuant to the declaratory judgment provisions of the Code of Civil Procedure (735 ILCS 5/2-701(a) (West 2010))); *People v. Herlinda M.*, 221 Ill. App. 3d 957, 964 (1991) (concluding that fee request made pursuant to the Juvenile Court Act was "outside the issues involved in the principal action").

¶ 32　　We find *Herlehy v. Marie V. Bistersky Trust, Dated May 5, 1989*, 407 Ill. App. 3d 878 (2010), to be on point. In *Herlehy*, the plaintiffs, relatives of the decedent, filed a cause of action for trust construction. The trial court granted defendant LaGrange Bank's motion to dismiss on June 17, 2008. *Id.* at 886. More than one year later, on July 22, 2009, LaGrange Bank filed a motion for attorney fees pursuant to a document, signed by the plaintiff, that authorized the reimbursement of costs incurred by LaGrange Bank in connection with the decedent's trust. *Id.* at 888. The court dismissed the defendant's argument that the circuit court retained jurisdiction without limitation, and found that the trial court lost jurisdiction to hear the fee request 31 days after the last order or judgment was entered. *Id.* at 898-901. While *Herlehy* did not involve a fee request pursuant to section 10-55(c), the court's analysis considered several cases involving section 10-55(c) fee requests in reaching its conclusion. *Id.* at 898-99. *Herlehy* stands for the general proposition that fee requests must be made while the court maintains jurisdiction.

¶ 33　　Rodriquez fails to cite any authority in support of his argument that his petition for fees

-8-

was a collateral matter of which the court retained indefinite jurisdiction. In sum, we hold that the court retained authority to award fees only while it maintained jurisdiction over the underlying issue.

¶ 34                                                        *Res Judicata*

¶ 35        As we conclude that Rodriquez's fee petition was untimely filed, we need not consider whether the fee request was barred under the doctrine of *res judicata* or whether the declaratory judgment provisions of the Code (735 ILCS 5/2-701 (West 2008)) provide an exception to the doctrine of *res judicata*.

¶ 36                                                        CONCLUSION

¶ 37        Section 10-55(c) does not create a separate cause of action and, therefore, any fee request made pursuant to section 10-55(c) must be made while the court invalidating the rule retains jurisdiction over the underlying issue. Therefore, the petition for fees must have been filed with the initial complaint or brought while the circuit or appellate court retained jurisdiction. As he waited 33 months after the original circuit court order invalidating the rule and more than one year after the appellate court reinstated that order, the courts no longer maintained jurisdiction to hear his petition for fees. Accordingly, we reverse the judgment of the appellate court and reinstate the circuit court's original judgment.

¶ 38        Appellate court judgment reversed.
¶ 39        Circuit court judgment affirmed.