# Illinois Official Reports

## Appellate Court

---

> ### *Village of Bloomingdale v. Lake/Ridge, LLC*, 2021 IL App (2d) 200232

---

| | |
|---|---|
| Appellate Court Caption | THE VILLAGE OF BLOOMINGDALE, Plaintiff-Appellee, v. LAKE/RIDGE, LLC; BANK OF AMERICA, N.A., f/k/a La Salle Bank, N.A., as Trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Securities Trust 2006-LDP9; MARQUETTE BANK; FOX VALLEY FIRE AND SAFETY COMPANY; ROBERT HEINZ; ELLEN HEINZ; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, Defendants (Lake/Ridge, LLC, Defendant-Appellant). |
| District & No. | Second District<br>No. 2-20-0232 |
| Filed | June 24, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 16-ED-13; the Hon. Kenneth L. Popejoy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Paul M. Rickelman, of PMR Law, LLC, of Chicago, for appellant.<br><br>Scott D. Verhey, of Chicago, for appellee. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court, with opinion.
Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Lake/Ridge, LLC, the property-owner defendant in a condemnation action under the Eminent Domain Act (Act) (735 ILCS 30/1-1-1 *et seq.* (West 2018)), appeals from an order in which the trial court denied as untimely its petition for fees under section 10-5-70(a) of the Act (735 ILCS 30/10-5-70(a) (West 2018)). The trial court ruled that the Act requires such a petition to be brought within 30 days of the entry of the final judgment in the condemnation action, which defendant's petition was not. Defendant now argues that the trial court was incorrect; it contends that the petition was a collateral matter and that trial courts have ongoing jurisdiction to consider at least some new collateral matters, including petitions for fees under section 10-5-70(a). In so arguing, defendant relies heavily on *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066 (1987). We hold that section 10-5-70(a) fee petitions must be brought *within* the condemnation action, which means while the trial court retains its general jurisdiction; defendant's fee petition was not filed in the condemnation action as required and was therefore barred. (Although *Bank of Waukegan* could be read to the contrary, we deem it obsolete.) Thus, we hold that the trial court did not err in concluding that defendant's petition was untimely, and we affirm.

¶ 2                                  I. BACKGROUND

¶ 3     In 2016, plaintiff, the Village of Bloomingdale, filed a condemnation action against defendant Bank of America, N.A., formerly known as La Salle Bank, N.A., as trustee for the registered holders of JPMorgan Chase Commercial Mortgage Securities Trust 2006-LDP9; Marquette Bank; Fox Valley Fire and Safety Company; Robert Heinz; Ellen Heinz; unknown owners; and nonrecord claimants. On May 7, 2019, the court granted defendant's first amended traverse and dismissed the action. On July 29, 2019, defendant submitted a petition for attorney fees under section 10-5-70(a) of the Act.

¶ 4     Plaintiff moved to strike the petition as untimely; it contended that the trial court's jurisdiction lapsed 30 days after the court entered the dismissal order on May 7, 2019. It cited our opinion in *Bank of Waukegan*, 152 Ill. App. 3d at 1072, as supporting the proposition that a fee petition must be brought within 30 days after the final judgment, which is the period in which the trial court retains its general jurisdiction over the action. It also asserted, "The Act does not create a separate, collateral cause of action for recovery of fees and costs to a party successful with a traverse motion." Finally, it argued that, because the request for attorney fees was not a collateral matter, the trial court did not "retain indefinite jurisdiction to hear the fee request." Plaintiff did not raise any issue relating to personal jurisdiction, such as how defendant served its fee petition.

¶ 5     On October 16, 2019, the court struck defendant's petition on plaintiff's motion, ruling that the commonly given 30-day period for filing a fee petition applies absent a statutory provision to the contrary or unless the time is extended due to the filing of an appeal within 30 days of the final judgment. The court noted that neither exception was present in this case, where no

appeal was filed within 30 days and the Act set no timeframe of its own for the filing of a fee petition:

> "I think when there's no timeframe that's set, then us trial court judges are in a default position in regard to 30 days from the date of judgment. And absent anything that changes the default position of 30 days from the date of a final judgment order that we cannot entertain things beyond that 30 day date absent case law authority, absent statutory authority. There is case law authority if an appeal was pending that it could be done, but that appeal must have been filed within the 30 days so that's kind of extending aspects of this 30 day rule in certain aspects of things. *** There could have been a petition for fees filed within the 30 days up until June 6th of 2019 even in [*sic*] things were fluid, even if there may have been considerations and an appeal were filed, even if there were negotiations going on in regard to same."

In so ruling, the trial court took note of *Bank of Waukegan*, 152 Ill. App. 3d at 1072, where this court construed section 7-123(a) of the Act (Ill. Rev. Stat. 1985, ch. 110, ¶ 7-123(a)), the predecessor to section 10-5-70(a). The trial court recognized *Bank of Waukegan*'s statement that, "[w]hile the general rule is that the filing of a notice of appeal divests the trial court of jurisdiction, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment." *Bank of Waukegan*, 152 Ill. App. 3d at 1072. However, despite defendant's insistence that its fee petition was a collateral matter, the trial court held that *Bank of Waukegan* did not permit defendant to file the petition beyond 30 days from the final judgment in this case. The trial court determined that, under *Bank of Waukegan*, it would have had authority to consider the fee petition only if an appeal had been filed within 30 days from the May 7, 2019, grant of the traverse.

¶ 6 On November 14, 2019, within 30 days of the petition's dismissal, defendant filed an omnibus pleading combining several motions, including (1) a motion, under section 2-1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 2018)), to reconsider the October 16, 2019, order striking the fee petition and (2) a motion, under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)), for relief from the May 7, 2019, order granting defendant's first amended traverse and dismissing the condemnation action. Defendant challenged the May 7, 2019, judgment on the ground that the trial court had ignored its request in the first amended traverse to set the matter for proceedings for fees if the court granted the traverse and dismissed plaintiff's action. As to the October 16, 2019, judgment striking the fee petition, defendant argued that the court had misconstrued *Bank of Waukegan*:

> "[*Bank of Waukegan*] is a narrow holding, mostly *dicta*, determining that a fee petition in an appeal is a collateral matter and can be heard by the trial court while an appeal is pending. There was no time period set in [*Bank of Waukegan*] for filing a petition for reimbursement under the Act and there was no discussion of the circumstance where an appeal was *not* pending. It is a narrow holding deserving of a narrow interpretation and [the trial court's] application is an error that ignores the correct authority." (Emphasis added.)

¶ 7 On February 25, 2020, the court denied all the relief that defendant sought in its November 14, 2019, filing. On March 18, 2020, defendant filed a notice of appeal, stating that it was appealing the order "dated October 16, 2019, granting the Plaintiff-Appellee's Motion to Strike Defendant-Appellant's Petition for Fees and Costs." Apparently referencing its November 14, 2019, omnibus pleading, defendant noted that it had "sought reconsideration and relief from

judgment on the [October 16, 2019, order], which was denied on February 25, 2020." Defendant cited Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017) but not section 2-1401 of the Code or Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016) (providing for appeal from the grant or denial of a section 2-1401 petition). Nor in its argument on appeal does defendant cite section 2-1401. Therefore, we regard defendant as having abandoned the section 2-1401 challenge it made below.

¶ 8                                       II. ANALYSIS

¶ 9        On appeal, defendant argues that its section 10-5-70(a) petition was a collateral matter in the condemnation action and, therefore, defendant could bring it even after jurisdiction in that action lapsed. Relying extensively on *Bank of Waukegan*, it argues that a trial court retains jurisdiction in the original action to address a collateral matter at any time. Further, it argues that the Act gives it a clear right to fees following a dismissal of the kind that occurred here. Finally, defendant contends that its right to fees would be impaired if the law required bringing the fee petition within 30 days of the final judgment.

¶ 10       In response, plaintiff notes that section 10-5-70(a) states that an award for fees must be made "in the action" (735 ILCS 30/10-5-70(a) (West 2018)). In that light, plaintiff argues that the trial court lost jurisdiction to award fees because its jurisdiction over the condemnation action lapsed 30 days after the entry of the final judgment dismissing the action. Further, plaintiff argues that, under decisions such as *Illinois Department of Financial & Professional Regulation v. Rodriquez*, 2012 IL 113706, a request for fees under section 10-5-70(a) is not a collateral matter.

¶ 11       Initially, we note that plaintiff argued below, and reasserts on appeal, that the trial court lacked jurisdiction to entertain defendant's fee petition. That assertion is incorrect. Thus, we have jurisdiction to address the substantive merits of this appeal. See *People v. Bailey*, 2014 IL 115459, ¶ 29 (appellate courts have jurisdiction to hear appeals entered by trial courts that lacked jurisdiction, but in those cases, the "appellate court has no authority to address the substantive merits of [the] judgment" and must limit the disposition to the issue of jurisdiction). Thus, regardless of how we decide the issues raised by the parties, the trial court had jurisdiction to consider the fee petition.

¶ 12       Under the judiciary article of our constitution, trial courts "have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction." Ill. Const. 1970, art. VI, § 9. In a civil case, the trial court's subject-matter jurisdiction is invoked by the filing of an initial pleading raising a justiciable matter. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002) ("[I]n order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter."). Further, "[t]he legislature may create new justiciable matters by enacting legislation that creates rights and duties that have no counterpart at common law or in equity." *Belleville Toyota*, 199 Ill. 2d at 335. But, although the legislature can create justiciable matters, it cannot set unwaivable conditions precedent for a court to exercise jurisdiction over those matters. *Belleville Toyota*, 199 Ill. 2d at 335-36. The entitlement to section 10-5-70(a) fees is a justiciable matter, so even if a petition for such fees is dismissed as untimely, the trial court's subject-matter jurisdiction is invoked. (We note that no issue of personal jurisdiction concerning the fee petition was raised below or on appeal.)

¶ 13    On the merits, we hold that section 10-5-70(a) does not create a separate cause of action for recovery of fees; thus, a petition for fees under section 10-5-70(a) must be brought while the trial court retains jurisdiction over the underlying case. A trial court loses its jurisdiction over a case 30 days after it enters the final judgment in that case, unless there is a filing within that 30 days that extends jurisdiction. See, *e.g.*, *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 13 ("Absent a timely-filed posttrial motion, the trial court will lose jurisdiction over the case 30 days after it enters the final judgment.").

¶ 14    We look to the text of section 10-5-70(a) to determine whether a fee petition is a separate cause of action under that section or instead must be brought while the trial court retains jurisdiction over the underlying case. This is an issue of statutory interpretation, so our review is *de novo*. See, *e.g.*, *Dew-Becker v. Wu*, 2020 IL 124472, ¶ 12. A statutory provision providing for attorney fees should be strictly construed. *Rodriquez*, 2012 IL 113706, ¶ 13. Section 10-5-70(a) provides, in relevant part:

> "If *** the final judgment is that the plaintiff cannot acquire the property by condemnation, the court shall, upon the application of the defendants or any of them, *enter an order in the action* for the payment by the plaintiff of all costs, expenses, and reasonable attorney fees paid or incurred by the defendant *** in defense of the complaint, as upon the hearing of the application shall be right and just ***." (Emphasis added.) 735 ILCS 30/10-5-70(a) (West 2018).

The emphasized language indicates that the request for fees is to be brought in the condemnation action, not in a separate action.

¶ 15    This conclusion closely parallels one of the holdings in *Rodriquez*, although the conclusion here is more obvious. The defendant in *Rodriquez* contended that, because section 10-55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10-55(c) (West 2010)) did not include any limitation on the time for a prevailing defendant to seek attorney fees, he could do so at any time after the order that made him eligible for such fees. *Rodriquez*, 2012 IL 113706, ¶¶ 9-12. Section 10-55(c) provided: "In any case in which a party has any administrative rule invalidated by *a* court for any reason *** *the* court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." (Emphases added.) 5 ILCS 100/10-55(c) (West 2010). The plaintiff contended that "the court" meant the specific court in which the claim for fees arose. The *Rodriquez* court agreed, concluding "that the fees are to be awarded by the court that invalidated the rule." *Rodriquez*, 2012 IL 113706, ¶¶ 14-15. "Therefore, the fee request must be made while the court invalidating the rule maintains jurisdiction." *Rodriquez*, 2012 IL 113706, ¶ 15.

¶ 16    Here, section 10-5-70(a) states in pertinent part that, where "the final judgment is that the plaintiff cannot acquire the property by condemnation," the court may enter an award of fees "in the action." 735 ILCS 30/10-5-70(a) (West 2018). "In the action" expresses even more directly than section 10-55(c) that fees are to be sought in the action in which relief was granted and not through independent action.

¶ 17    Nevertheless, defendant argues that its fee petition was a collateral matter and, therefore, the trial court had ongoing jurisdiction to hear it. We disagree. Our reasoning parallels the supreme court's response to a similar contention in *Rodriquez*. There, after a textual analysis, the court concluded that section 10-55(c) did not create a separate cause of action for fees. The court then addressed the defendant's contentions: (1) "that a fee request made under section 10-55(c) is a collateral action" and (2) "that as a collateral matter, the circuit court retained

indefinite jurisdiction to hear the fee request." *Rodriquez*, 2012 IL 113706, ¶ 29. The court rejected the contentions, noting that, even if the defendant were correct that a fee request made under section 10-55(c) was a collateral matter, he "establishe[d] no support for his contention that the fee request may be made at any time." *Rodriquez*, 2012 IL 113706, ¶ 30. The court noted that the defendant cited no authority "discuss[ing] whether a litigant may recover fees pursuant to section 10-55(c) in a separate cause of action." *Rodriquez*, 2012 IL 113706, ¶ 30. The cases cited by the defendant fell into two groups. The first group "merely conclude[d] that the circuit court retains jurisdiction over collateral matters even after a notice of appeal deprived the court of jurisdiction. [Citations.]" *Rodriquez*, 2012 IL 113706, ¶ 30. The second group "involved situations where the fee issue was separate from the issues in the underlying case, *unlike the fees provided by section 10-55(c)*," as established by the *Rodriquez* court's textual analysis of that section. (Emphasis added.) *Rodriquez*, 2012 IL 113706, ¶ 31.

¶ 18    Notably, *Bank of Waukegan* was among the cases that the *Rodriquez* court cited as "merely conclud[ing] that the circuit court retains jurisdiction over collateral matters even after a notice of appeal deprived the court of jurisdiction." *Rodriquez*, 2012 IL 113706, ¶ 30 (citing *Bank of Waukegan*, 152 Ill. App. 3d at 1072-73). The *Rodriquez* court summarized *Bank of Waukegan* in a parenthetical as "finding that [the] circuit court did not lose jurisdiction to hear [a] fee petition after the filing of a notice of appeal." *Rodriquez*, 2012 IL 113706, ¶ 30 (citing *Bank of Waukegan*, 152 Ill. App. 3d at 1072-73).

¶ 19    Here, defendant argues that we are not controlled by *Rodriquez* but by *Bank of Waukegan*. *Bank of Waukegan* held that a petition for fees under section 7-123(a) (section 10-5-70(a)'s predecessor) was a collateral matter and therefore could be brought at any time. We deem *Bank of Waukegan* obsolete because it (1) addressed a jurisdictional problem that no longer exists and (2) relied on a predecessor of section 10-5-70(a) with significantly different wording.

¶ 20    In *Bank of Waukegan*, the defendants in a condemnation action brought an application[1] for attorney fees under section 7-123(a) within 30 days of the trial court's final judgment dismissing the action. Before the defendants filed their application, the plaintiff filed a notice of appeal. The trial court rejected the suggestion that the application was a posttrial motion that nullified the notice of appeal. Instead, the trial court found that the notice of appeal deprived it of jurisdiction. *Bank of Waukegan*, 152 Ill. App. 3d at 1068, 1072. On appeal, the defendants reasserted that the trial court had jurisdiction, as their application "was in the nature of a post-trial motion." *Bank of Waukegan*, 152 Ill. App. 3d at 1072.

¶ 21    We reversed and remanded for the trial court to consider the application on the merits. While we agreed with the trial court that the application was not a posttrial motion, we nonetheless held that the trial court had jurisdiction to consider it. This was because the application presented a "collateral or supplemental matter," and we noted that, even after a notice of appeal is filed, "the trial court retains jurisdiction to determine matters collateral or incidental to the judgment." *Bank of Waukegan*, 152 Ill. App. 3d at 1072-73.

¶ 22    In concluding that a section 7-123(a) application is a collateral matter, we analogized such an application to an attorney-fee petition under the former section 2-611 of the Code (Ill. Rev. Stat. 1985, ch. 110, ¶ 2-611, superseded by Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)), which, according to the authority we cited, could be brought as an independent action:

---

[1]Section 10-5-70(a) contemplates an "application" for fees (735 ILCS 30/10-5-70(a) (West 2018)), while defendant here labeled its pleading as a "petition." The labels are inconsequential.

"[I]t has been held that the circuit court does not lose jurisdiction to entertain [a section 2-611] petition following the filing of a notice of appeal from the judgment on the underlying suit *where it is brought as a separate action after the judgment disposing of the initial claim*. [Citations.] Here, attorney fees and costs were sought pursuant to section 7-123(a) and application could not be made thereunder until final judgment in the condemnation suit." (Emphasis added.) *Bank of Waukegan*, 152 Ill. App. 3d at 1073.

¶ 23 In other words, we deemed that a trial court could entertain a section 7-123(a) fee application notwithstanding the filing of a notice of appeal because it, like a section 2-611 fee petition, can be brought as a separate action. Indeed, *Hise v. Hull*, 116 Ill. App. 3d 681 (1983), was a case that we cited as direct support for our characterization of section 2-611 petitions. *Hise* stated that section 2-611 claims may be brought (1) in "the same action," *e.g.*, in a responsive pleading, or (2) "as a separate action anytime within 30 days after the judgment disposing of the initial claim." *Hise*, 116 Ill. App. 3d at 684. The *Hise* court thus treated section 2-611 claims as a kind of permissive counterclaim—albeit a counterclaim that must be brought within 30 days of the final judgment. But in *Bank of Waukegan*, we concluded that no such time limit applied to a section 7-123(a) petition:

"The application for these fees and costs lies outside the issues in the underlying judgment and *there is no time set in section 7-123(a) for seeking these expenses*. Moreover, a litigant may wish either to wait until the appeal process ends before filing an application or to proceed at a time after the judgment is entered." (Emphasis added.) *Bank of Waukegan*, 152 Ill. App. 3d at 1073.

¶ 24 In other words, to the extent that *Bank of Waukegan* holds that a court has indefinite jurisdiction to entertain fee petitions under the Act, that conclusion is based on the related propositions (1) that such petitions need not be brought in the same action and (2) that the Act does not limit the time for filing such petitions.

¶ 25 Neither proposition is true today. Indeed, section 10-5-70(a) requires bringing a fee request *in* the condemnation action, and jurisdiction in that action will generally lapse after 30 days. In *Bank of Waukegan*, we reached a different conclusion under section 10-5-70(a)'s predecessor, section 7-123(a), but while the two sections have linguistic parallels, they also have critical differences. Section 10-5-70(a), again, provides:

"[I]f [the conditions for a grant of fees are met], the court shall, upon the application of the defendants or any of them, *enter an order in the action* for the payment by the plaintiff of *** reasonable attorney fees ***." (Emphasis added.) 735 ILCS 30/10-5-70(a) (West 2018).

When *Bank of Waukegan* was decided, section 7-123(a) provided:

"If *in such case* [the conditions for a grant of fees are met], the court shall, upon the application of the defendants or any of them, *enter such order in such action* for the payment by the plaintiff of *** reasonable attorney fees ***." (Emphases added.) Ill. Rev. Stat. 1985, ch. 110, ¶ 7-123(a).

In section 10-5-70(a), "an order in the action" must mean the condemnation action. By contrast, a court interpreting section 7-123(a) might plausibly have read "such action" as being the action in which the defendant brought the fee petition, which need not be the original action.

Thus, a central part of the rationale of *Bank of Waukegan* is apparently abrogated by the change in statutory language.

¶ 26    Moreover, the problem that *Bank of Waukegan* intended to address—the trial court's possible loss of jurisdiction to entertain a promptly filed fee petition due to the filing of a notice of appeal—does not exist under current law. The filing of a notice of appeal does not deprive the trial court of jurisdiction to decide a timely filed new claim; rather, the timely filing of a new claim makes a previously filed notice of appeal ineffective.

¶ 27    In *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340-41 (2001), the supreme court held that the timely filing of a request for Rule 137 sanctions rendered premature a previously filed notice of appeal and compelled dismissal of the appeal. The *Phillips* court noted that "a notice of appeal may not be filed until after the trial court has finally disposed of all claims." *Phillips*, 197 Ill. 2d at 342. It further held that "motions for sanctions under our Rule 137 are 'claims' in the cause of action with which they are connected" so that "a Rule 137 motion is the functional equivalent of adding an additional count to a complaint, or counterclaim, depending on which party files the motion." *Phillips*, 197 Ill. 2d at 339-40. The *Phillips* court recognized that filing a notice of appeal initiates appellate court jurisdiction, but it noted that appellate jurisdiction is conditional—" 'temporary,' " in the court's wording. *Phillips*, 197 Ill. 2d at 343. For instance, *Phillips* found uncontroversial the premise that a trial court may consider a timely postjudgment motion despite the prior filing of a notice of appeal. *Phillips*, 197 Ill. 2d at 343. The *Phillips* court concluded that the same is true of a new claim for sanctions in the underlying action. *Phillips*, 197 Ill. 2d at 343. In response to an argument that this rule results in confusing changes of jurisdiction, the *Phillips* court reasoned that this was not a serious problem: "because the time limit for filing Rule 137 motions is the same as the limit for filing notices of appeal—30 days from the entry of final judgment or disposition of the last timely post-judgment motion—the appellate court will have 'temporary' jurisdiction for only a few days at most." *Phillips*, 197 Ill. 2d at 343.

¶ 28    Returning to the older cases, we see that the approach that the *Hise* court endorsed—that a section 2-611 claim "may be brought as a separate action anytime within 30 days after the judgment disposing of the initial claim" (*Hise*, 116 Ill. App. 3d at 684)—appears as an awkward way to achieve much the same result as *Phillips*. Moreover, had the rule in *Phillips* been part of the *Bank of Waukegan* analysis, we would have simply dismissed the appeal at issue as premature due to the pendency of the defendants' timely fee petition. We thus conclude that the rule in *Bank of Waukegan* is obsolete because it (1) is not consistent with the current version of the Act and (2) is based on an antiquated jurisdictional analysis. We thus decline to apply the holding in *Bank of Waukegan* here.[2]

¶ 29    Defendant argues that the requirement that a defendant file its fee petition within 30 days after the entry of the final judgment creates obstacles for seeking fees that are inconsistent with the section's intent that the fees be mandatory. We disagree. We recognize that the rule we set

_____

[2]The trial court here believed that the filing of a notice of appeal extends the jurisdiction of a trial court. Certainly, a trial court "*retains jurisdiction* after the notice of appeal is filed to determine matters collateral or incidental to the judgment." (Emphasis added.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173-74 (2011). We know of no sound basis, however, for suggesting that an appeal extends the trial court's jurisdiction beyond its ordinary duration. To the extent that *Bank of Waukegan* may be read to support the notion, the case was in error.

out may not maximize a defendant's convenience. However, we do not see how, with appropriate forethought, any appropriate fee might be precluded under this rule. If, for some reason, a fee is incurred after a petition is timely filed, then the petition, as a pleading, is subject to reasonable amendments. If a fee is incurred due to an appeal, the defendant may seek that fee in the appeal or on remand.

¶ 30    Based on the foregoing, we conclude that defendant's late-filed petition was not filed *in the condemnation action* as required by section 10-5-70(a) and was thus barred. We accordingly affirm the order striking that pleading. We note that, as the court had jurisdiction to consider the matter, perhaps a dismissal would have been the more correct disposition, but for us, that is a matter of form rather than substance.

¶ 31                                    III. CONCLUSION
¶ 32    We affirm the judgment of the circuit court of Du Page County.

¶ 33    Affirmed.