2025 IL App (1st) 242317

Second Division
November 25, 2025

No. 1-24-2317

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ROYAL OAK CONDOMINIUM ASSOCIATION, INC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M5 4405 |
| | ) | |
| BRITTANEY M. STEVENSON, | ) | Honorable |
| | ) | Nicole Castillo, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment and
opinion.

**OPINION**

¶ 1    Plaintiff, Royal Oak Condominium Association (the Association), sought to evict

defendant, Brittaney Stevenson, from her condo for failure to pay assessments. The court entered

a judgment of eviction plus damages. Stevenson appeals the eviction order. She also appeals the

denial of her motion for a rule to show cause and a motion for "clarification."

¶ 2    We dismiss the appeal insofar as Stevenson seeks our review of the eviction judgment, as

she failed to timely file a notice of appeal. We dismiss her appeal of the two motions to

reconsider as well. We likewise dismiss the appeal of the order seeking clarification. And though we have jurisdiction to review the denial of her motion for rule to show cause, we affirm it.

¶ 3                                BACKGROUND

¶ 4      Stevenson owned a condominium unit at Royal Oak Condominiums. In July 2023, the Association sued her, alleging unpaid assessments and seeking possession of the unit. A month later, the court entered an agreed order dismissing the case without prejudice, pursuant to a repayment agreement between the parties. That agreed order provided that, if Stevenson defaulted on the agreement, the Association was entitled to "judgment of possession," "common expenses" due, and attorney fees and costs.

¶ 5      In May 2024, the Association moved to reinstate, alleging Stevenson's default. The court reinstated the case and set the matter for prove-up. On July 31, 2024, the circuit court entered a judgment for the Association that granted the prayer for eviction, turned possession of the unit over to the Association, and awarded $16,552.62 in damages against Stevenson. We will refer to this final judgment at times as the "July 31 eviction judgment."

¶ 6      On August 26, 2024, Stevenson timely filed a post-judgment motion to reconsider the July 31 eviction judgment. See 735 ILCS 5/2-1203(a) (West 2024). The post-judgment motion was denied on October 18, 2024, without modifying the original judgment in any way. The order said simply that "Defendant Brittany [*sic*] Stevenson's Motion for Reconsideration is denied."

¶ 7      On October 29, Stevenson filed a motion seeking reconsideration of the denial of her post-judgment motion to reconsider—a *second* motion to reconsider.

¶ 8      On November 12, 2024, the Cook County Sheriff evicted Stevenson from her condominium. In response, on November 18—while her second motion to reconsider was pending—Stevenson filed two other motions: a motion for a rule to show cause and an

emergency "motion for clarification of process and statute and motion to reverse unlawful eviction *instanter*." We will shorthand this latter motion as a "motion to clarify."

¶ 9     The motion to clarify asked the court to "clarify" that Stevenson's second motion to reconsider operated as a stay of the July 31 eviction judgment, rendering the eviction illegal. She sought to "reverse" the allegedly illegal eviction that occurred on November 12. Her motion for rule to show cause sought indirect civil contempt against the Association for proceeding with the eviction, thereby violating the stay to which she claimed she was entitled.

¶ 10    On November 21, 2024, the court denied Stevenson's (second) motion to reconsider, her motion to clarify, and her motion for a rule to show cause. The court did not, in any way, modify its original July 31 eviction judgment; it simply wrote that each motion was "denied."

¶ 11    Stevenson filed her notice of appeal on the same day, November 21. Her notice of appeal seeks reversal of the July 31 eviction judgment, the October 18 denial of her motion to reconsider, and the November 21 order denying her second motion to reconsider, her "motion to clarify," and her motion for a rule to show cause.

¶ 12                              ANALYSIS

¶ 13                            I. Jurisdiction

¶ 14    The Association moved to dismiss this appeal for lack of jurisdiction, a motion we took with the case. There are five orders under review, each requiring separate analysis.

¶ 15                  A. The July 31 Eviction Judgment

¶ 16    A party must appeal a final judgment within 30 days of that judgment or, if a timely motion directed against the final judgment is filed, within 30 days after the denial of that post-judgment motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A "timely" post-judgment motion

directed at the final judgment is one filed within 30 days of that judgment. 735 ILCS 5/2-1203(a) (West 2024); *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981). Simply put, if a timely post-judgment motion is filed, the court's denial of that motion starts a 30-day clock in which the party must appeal the final judgment. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 261 (2005). A party is entitled to only one post-judgment motion directed at the final judgment, filed within 30 days of the final judgment. Ill. S. Ct. R. 274 (eff. July 1, 2019).

¶ 17    Here, the final judgment of eviction was entered on July 31, 2024. Stevenson filed a motion to reconsider that judgment on August 26, within 30 days and thus timely. The court denied that motion by written order on October 18. So Stevenson had 30 days from October 18 to file a notice of appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). That due date was Monday, November 18, 2024. (Technically, the thirtieth day was Sunday, November 17, but weekends are excepted from filing deadlines. See 5 ILCS 70/1.11 (West 2024).)

¶ 18    Stevenson did not file her notice of appeal by November 18, 2024; she filed it three days later, on November 21. So we lack jurisdiction to consider the final judgment entered on July 31. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Sears*, 85 Ill. 2d at 258.

¶ 19    Stevenson's attempts to avoid this conclusion fail. First, she notes that, before the 30-day appeal period expired on November 18, she filed a *second* motion to reconsider dated October 29. But that second post-judgment motion to reconsider had no effect on the 30-day window; it did not toll the time to appeal the underlying July 31 eviction judgment. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) ("No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed under this rule."); *Sears*, 85 Ill. 2d at 259 (filing of successive post-judgment motion does not toll time for appeal of final judgment); *Parker v. Liberty Insurance Underwriters, Inc.*, 2022 IL App (1st)

200812, ¶ 25. To permit successive post-judgment motions to extend the time to appeal a final judgment would allow litigants to prolong litigation over a final judgment indefinitely in the circuit court. See *Sears*, 85 Ill. 2d at 259.

¶ 20    There is a caveat to this rule; Stevenson says it applied here and bought her additional time to appeal. She claims the October 18 order denying the first motion to reconsider had the effect of *modifying* the final judgment, giving her a fresh 30 days to challenge the modified judgment. If her premise is correct, then so is her argument.

¶ 21    If a post-judgment motion leads the court to modify its final judgment, then any party affected by that new, modified final judgment gets another 30 days, again either to file a post-judgment motion attacking that (modified) judgment or to appeal it. This is sometimes known by the term Stevenson uses, a "superseding final judgment." See Ill. S. Ct. R. 274 (eff. July 1, 2019) ("If a final judgment order is *modified* pursuant to a postjudgment motion, *** any party affected by the order may make one postjudgment motion directed at the superseding judgment or order." (Emphasis added.)); Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (party has 30 days to appeal final judgment that was modified pursuant to post-judgment motion).

¶ 22    An easy example: in *Gibson v. Belvidere National Bank & Trust Co.*, 326 Ill. App. 3d 45, 47 (2001), in response to a motion to reconsider the final judgment, the court entered an order amending the original final judgment, reducing the amount of rent owed from 12 months to 10. This court held that the defendants were entitled to a post-judgment motion challenging that amended final judgment. *Id.* at 48. And Rule 274 was then created to codify *Gibson*'s reasoning. See Ill. S. Ct. R. 274, Committee Comments (adopted Jan. 1, 2006).

¶ 23    That's only fair. If the final judgment substantively changes, it could adversely affect the party challenging it in different ways, or it could adversely affect a different party that was happy

with the original final judgment but aggrieved by the modified one. Parties should have one opportunity to challenge an adverse final judgment in the circuit court, be it original or modified. It's not giving parties a second bite at the apple but a first bite at a new apple.

¶ 24    But nothing like that occurred here. The October 18 order denying the timely post-judgment motion did not make the slightest modification to the July 31 final judgment. It simply read: "Defendant Brittany [*sic*] Stevenson's Motion for Reconsideration is denied."

¶ 25    So Stevenson finds no refuge under Rule 274; the second post-judgment motion to reconsider did not stop the 30-day window to appeal that expired on November 18. Which returns us to the default rule: Stevenson had 30 days after the October 18 denial of her first motion to reconsider, or November 18, to file a notice of appeal. She filed it three days late on November 21. Her notice of appeal was untimely. See *Parker*, 2022 IL App (1st) 200812, ¶ 31.

¶ 26    The timely filing of a notice of appeal is the (only) step that triggers appellate jurisdiction; if the notice of appeal is untimely, we lack jurisdiction. See *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 19. The appellate court may not forgive jurisdictional defects. See *People v. Lyles*, 217 Ill. 2d 210, 217 (2005). If jurisdiction is lacking, we have no recourse but to dismiss the appeal. *Id.*; *Huber*, 2014 IL 117293, ¶ 19. We thus dismiss the appeal insofar as it challenges the July 31 eviction judgment.

¶ 27                    B. Order Denying First Motion to Reconsider

¶ 28    The first post-judgment motion to reconsider was a motion directed against the final judgment, which sought to vacate the final judgment under section 2-1203 of the Code of Civil Procedure. See 735 ILCS 5/2-1203 (West 2024). The use of the phrase "motion directed against the final judgment," rather common parlance in the law, comes from supreme court rules. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (prescribing time for appeal after filing of "timely post-trial

motion directed against the judgment"); Ill. S. Ct. R. 274 (eff. July 1, 2019) ("A party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable."). In statutory language, it is a post-judgment motion that seeks "a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2022).

¶ 29    Though stated differently, these two different phrasings are describing the same thing and are used interchangeably, which only makes sense, as section 2-1203 and Rule 303 work hand in glove. See, *e.g.*, *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24, 28 (2002) (interpreting section 2-1203 to determine whether appellant filed timely post-judgment motion under Rule 303); *Heiden v. DNA Diagnostics Center, Inc.*, 396 Ill. App. 3d 135, 137-38 (2009) (same); *Djikas v. Grafft*, 344 Ill. App. 3d 1, 12 (2003) (post-judgment motion for additional relief "does not constitute a posttrial motion within the meaning of Supreme Court Rule 303(a)(1) and section 2-1203 of the Code because it is not directed against the original judgment"); *Vanderplow v. Krych*, 332 Ill. App. 3d 51, 53 (2002); *Westcon/Dillingham Microtunneling v. Walsh Construction Co. of Illinois*, 319 Ill. App. 3d 870, 874 (2001).

¶ 30    In any event, Stevenson's first post-judgment motion for relief obviously was directed at the July 31 final judgment of eviction and constituted a section 2-1203 motion. Though a bit unconventional, Stevenson's *pro se* motion identified multiple errors by the trial court in entering the July 31 eviction judgment and thus why it should be overturned. Her motion was timely, as well, filed on August 26, within 30 days. See 735 ILCS 5/2-1203(a) (West 2024).

¶ 31    Unfortunately for Stevenson, a post-judgment motion attacking the final judgment "is not itself a judgment, as that word is used in article VI, section 6, of the 1970 Constitution or in Supreme Court Rule 303 *** and is not an appealable order." *Sears*, 85 Ill. 2d at 258; see

*JPMorgan Chase Bank, N.A. v. Ontiveros*, 2015 IL App (2d) 140145, ¶ 17 (order denying post-judgment motion is not "final judgment" under Rule 303 and is not appealable); *Relander v. Phoenix Mutual Life Insurance Co.*, 262 Ill. App. 3d 525, 527-28 (1994) (same); *Department of Transportation v. Roodhouse*, 104 Ill. App. 3d 880, 882 (1982) (same).

¶ 32     That is not to say that post-judgment motions attacking the final judgment serve no purpose. Of course they do. They permit litigants to bring errors to the circuit court's attention and allow for necessary corrections in advance of appellate review. That is why section 2-1203 "stays enforcement" of the final judgment until the timely post-judgment motion is resolved. 735 ILCS 5/2-1203(b) (West 2024). That is also why Rule 303(a) extends the time for filing a notice of appeal until 30 days after the resolution of the post-judgment motion directed against the judgment. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 33     Nor are we suggesting that the denial of a post-judgment motion cannot be part of an appeal. It can. We see that frequently in appellate litigation. The salient point is that a motion to reconsider the final judgment is not *independently* reviewable; it is only reviewable alongside the final judgment it attacks. As our supreme court explained, "as a practical matter the denial of a timely first post-judgment motion is always reviewable, because on appeal of the judgment the appellant may bring up all related orders entered before the notice of appeal and not previously appealable, including the denial of a post-judgment motion." *Sears*, 85 Ill. 2d at 258; see *Relander*, 262 Ill. App. 3d at 528 (appeal of final judgment "would carry with it the ruling denying the post-trial motion.").

¶ 34     Thus, for purposes of appellate jurisdiction, an order denying a post-judgment motion to reconsider the final judgment is tethered to the final judgment. If the underlying final judgment goes over the cliff for lack of jurisdiction, it pulls the order denying the motion to reconsider

over with it. We have already held above that we lack jurisdiction to review the July 31 final judgment of eviction. So we also lack jurisdiction to review the October 18 order denying the motion to reconsider that final judgment. We dismiss that portion of Stevenson's appeal.

¶ 35                    C. Order Denying Second Motion to Reconsider

¶ 36    The November 21 order denying Stevenson's second post-judgment motion to reconsider fares no differently. Her successive motion to reconsider was likewise directed against the final judgment. She asked the court to reconsider its denial of the first motion to reconsider and vacate the July 31 eviction judgment. So the November 21 order denying her successive motion to reconsider is not independently reviewable, either. We lack appellate jurisdiction to review it.

¶ 37    There is a second reason we lack appellate jurisdiction: the *circuit* court did not have jurisdiction to consider the second motion to reconsider, either. The circuit court's jurisdiction over the final judgment ceased on October 18, when the court denied the first (and timely) post-judgment motion directed against the final judgment. See *Sears*, 85 Ill. 2d at 260.

¶ 38    In *Sears*, after the trial court denied the plaintiff's timely motion to vacate a final judgment of dismissal in an order dated November 15, the plaintiff filed a second motion to vacate on December 11. *Id.* at 257. The trial court granted that second motion and vacated the final judgment, but the appellate court held that the trial court lacked jurisdiction to consider the second motion to vacate. *Id.* at 257-58. The supreme court affirmed the appellate court, holding that the successive motion to vacate, filed after the first, timely post-judgment motion had been denied, "did not extend the time for appeal *or renew the circuit court's jurisdiction*." (Emphasis added.) *Id.* at 260.

¶ 39    The unmistakable holding of *Sears* is that the circuit court loses jurisdiction over a final judgment once it denies the timely post-judgment motion directed at that final judgment. See *id.*;

see *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 21 ("The circuit court had no jurisdiction to consider the Karols' successive postjudgment motion to reconsider because it no longer had jurisdiction to modify the final judgment."); *People v. Orahim*, 2019 IL App (2d) 170257, ¶¶ 1-5 (after defendant pleaded guilty and received his sentence, he filed post-judgment motion directed at judgment, moving to reconsider sentence; after that motion was denied, he filed second motion directed at judgment, to withdraw guilty plea and vacate judgment of conviction; appellate court held that circuit court lacked jurisdiction to consider second motion directed at final judgment after first such motion was denied).

¶ 40     We should plant a flag here and be clear in what we are saying and not saying. We are saying that, once the motion directed against the judgment was denied on August 18, the circuit court lost jurisdiction *over the final judgment*. We are not saying that the circuit court lost *all* jurisdiction over the case at that point. We do not read *Sears*, *Karolewicz*, or *Orahim* as reaching that broader question; in each of those decisions, the court held that the circuit court lacked jurisdiction over a second motion *directed at the final judgment*. Indeed, the court in *Karolewicz* went on to hold that the circuit court *retained* jurisdiction to consider motions *not* directed at the final judgment—in that case, a motion to stay the judgment pending appeal, a motion collateral to the judgment. See *Karolewicz*, 2022 IL App (1st) 192091, ¶ 22. We will discuss the issue of circuit court jurisdiction over collateral motions in more detail below.

¶ 41     The *Sears* rule stands to reason. Stevenson had her one challenge to the final judgment per Rule 274, and it failed. Of course, as noted above, had the circuit court *modified* its final judgment when denying her post-judgment motion, she would have been entitled to another post-judgment motion directed at the modified final judgment, also per Rule 274. But that didn't happen here; the October 18 order denying her motion to reconsider was a flat denial. So

Stevenson was out of options in the circuit court; there was nothing left for the circuit court to do. All that remained was Stevenson's decision whether to appeal within 30 days. The holding in *Sears* remains binding and is sensible in practice, as properly understood and limited to the circuit court's jurisdiction over the final judgment.

¶ 42     Because the circuit court lacked jurisdiction to consider it, and because we would lack appellate jurisdiction in any event to review it, we dismiss the appeal of the order denying Stevenson's successive post-judgment motion to reconsider.

¶ 43                                    D. Remaining Orders

¶ 44     Stevenson filed two other motions after the final judgment of eviction, a "motion to clarify" and a motion for a rule to show cause. They were filed on November 18, the thirtieth day (plus a Sunday) after the timely post-judgment motion was denied on October 18.

¶ 45     We must consider not only appellate jurisdiction but whether the circuit court had jurisdiction to consider these motions, even if the question is not raised by the parties. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). So we begin with the question of the circuit court's jurisdiction to hear these two motions.

¶ 46                                  1. Circuit Court Jurisdiction

¶ 47     If these motions were section 2-1203 motions directed at the final judgment, then, as just explained above, the circuit court had no jurisdiction to consider them, as it lost jurisdiction over the final judgment after October 18, when it denied the motion directed at the final judgment of July 31. In determining whether Stevenson's motions qualified as motions directed against the judgment, we examine their substance, not their titles. See *Shempf v. Chaviano*, 2019 IL App (1st) 173146, ¶ 40; *In re Commitment of Simons*, 2015 IL App (5th) 140566, ¶¶ 21-22.

- 11 -

¶ 48 Again, a section 2-1203 motion directed at the judgment seeks "a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2024). The phrase "other relief" means relief similar to the types listed in the statute. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 461-62 (1990). For example, our supreme court has explained that post-judgment motions for fees and costs, to amend the complaint to conform to the proof, or to stay the judgment do *not* qualify as section 2-1203 motions directed at the judgment. *Id.*

¶ 49 The substance of Stevenson's motion to clarify was that she wanted to be restored to the condo temporarily. She asked the court to confirm ("clarify") that her second motion to reconsider stayed the final judgment of eviction, rendering the eviction that the sheriff carried out on November 12 null and void pending the outcome of the second motion to reconsider. And thus, in the other motion, the motion for a rule to show cause, she sought to hold the Association in indirect civil contempt for violating the stay by allowing the eviction to proceed.

¶ 50 Neither motion was an attack on the original July 31 eviction judgment. Neither sought to modify, vacate, or in any way challenge that judgment. Had she obtained all possible relief in those motions, at most Stevenson would have been restored to her condo for the time being (temporarily reversing the "illegal" eviction due to the "stay"), and the Association would have been held in contempt. The underlying final judgment of July 31 would have been unscathed.

¶ 51 If these motions were not directed against the final judgment, then by definition they were motions collateral or incidental to the final judgment. See *Pappas*, 242 Ill. 2d at 175. The court retains jurisdiction to consider motions collateral to the final judgment even after it loses jurisdiction over the final judgment itself. *Id.*; *Karolewicz*, 2022 IL App (1st) 192091, ¶ 22.

¶ 52     For example, it is well settled that, once a party files a notice of appeal of a final judgment, the circuit court loses jurisdiction over that final judgment. See *Huber*, 2014 IL 117293, ¶ 19. Yet it is equally settled that "[t]he circuit court *** retains jurisdiction after the notice of appeal is filed to determine matters collateral or incidental to the judgment." *Pappas*, 242 Ill. 2d at 173-74; see *Illinois Department of Financial & Professional Regulation v. Rodriquez*, 2012 IL 113706, ¶ 30. So it is clear from that much, alone, that losing jurisdiction over the final judgment does not automatically and immediately deprive the circuit court of jurisdiction to hear motions collateral to that final judgment.

¶ 53     But for how long? Once the circuit court here lost jurisdiction over the final judgment of eviction, when it denied the motion directed at the final judgment on October 18, for how long did the circuit court retain jurisdiction to hear motions collateral to that final judgment? Thirty days? That would be the intuitive response; any lawyer who spends any amount of time with jurisdictional questions would likely shout out that answer.

¶ 54     We think that is the correct answer, but a source for that answer is surprisingly elusive. We could not locate a supreme court decision that so held or that even stated so in *dicta*. Nor does a supreme court rule directly address the issue. The one thing we do know is that the circuit court's jurisdiction to consider motions collateral to the judgment is not infinite. See *Rodriquez*, 2012 IL 113706, ¶ 32 (rejecting notion that circuit court retains unlimited jurisdiction to consider collateral motion for fees and costs). Rather, said *Rodriquez*, "fee requests must be made while the court maintains jurisdiction." *Id.*

¶ 55     Fine, but that begs the question: *for how long does the circuit court retain jurisdiction* to consider collateral motions after it loses jurisdiction over the final judgment? Appellate decisions have stated that "[a] trial court has jurisdiction over the underlying action until '30 days after

entry of that final judgment *** *or 30 days after ruling on the last pending posttrial motion.*' "
(Emphasis added.) *Herlehy v. Bistersky*, 407 Ill. App. 3d 878, 899 (2010) (quoting *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 988 (1994)); see *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20 (trial court jurisdiction lasts as long as "30 days *** from the time the trial court disposes of a timely filed posttrial motion"); *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, ¶ 19 (citing *Won* for same proposition).

¶ 56     We believe that is the correct answer for two reasons. First, this court in *Herlehy* said so, and the supreme court approvingly cited *Herlehy*'s general discussion of jurisdiction over collateral motions. See *Rodriquez*, 2012 IL 113706, ¶ 32. The more compelling reason is that, in one of its rules, the supreme court has indicated that it believes jurisdiction over a lawsuit remains for 30 days after the denial of a motion directed at the final judgment.

¶ 57     That rule is Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), governing motions for sanctions. Paragraph (b) provides that motions for sanctions "must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, *within 30 days of the ruling on the post-judgment motion.*" (Emphasis added.) Ill. S. Ct. R. 137(b) (eff. Jan. 1, 2018). We cannot imagine that the supreme court would have allowed that much time to file a Rule 137 motion if the court believed that jurisdiction had already expired in the circuit court. We highly doubt that the supreme court thought it was creating a unique and unprecedented exception to circuit court jurisdiction for sanctions motions alone.

¶ 58     That is particularly unlikely given that, while the supreme court rules intricately define *appellate* jurisdiction, they are entirely silent on circuit court jurisdiction. And that, presumably, is because the constitution expressly gives our supreme court the authority to promulgate rules for appellate jurisdiction but contains no corollary grant of authority for circuit court jurisdiction.

See Ill. Const. 1970, art. VI, § 6 (supreme court may provide by rule for appellate jurisdiction); *id.* art. VI, § 9 (circuit courts have original jurisdiction over all justiciable matters).

¶ 59    So we do not read Rule 137 as an expansion of circuit court jurisdiction. The better read is that Rule 137 simply sets a deadline that is timed to coincide precisely with the outer limits of the circuit court's existing jurisdiction—30 days after the denial of the post-judgment motion.

¶ 60    The history behind Rule 137, as told by the case law, supports that view as well. The timing requirement in Rule 137(b) was added to the rule in 1994. A few years earlier, the appellate court held that, while Rule 137 did not prescribe a time for filing such motions, "a Rule 137 motion may be filed at any time during which the *trial court has jurisdiction, which extends 30 days past the date the last order or judgment was issued in the case*." (Emphasis added.) *Gaynor v. Walsh*, 219 Ill. App. 3d 996, 1002 (1991). We later noted that Rule 137, as amended effective 1994, "in effect, codifie[d] the holding in *Gaynor v. Walsh*." *F.H. Prince*, 266 Ill. App. 3d at 988 n.6.

¶ 61    All of which is to say that, though the circuit court loses jurisdiction over the final judgment after it denies the motion directed at the final judgment, it retains jurisdiction to consider motions collateral and incidental to the final judgment that are filed within 30 days after that denial, even if a notice of appeal is filed within that 30-day period.[1]

¶ 62    Here, the circuit court denied Stevenson's timely motion to reconsider the final judgment on October 18. The circuit court thus retained jurisdiction to hear collateral motions, like Stevenson's motions to clarify and for rule to show cause, for an additional 30 days, which

---

[1]We do not address here the court's inherent jurisdiction to *enforce* its orders, as no such orders are before us. See *People v. Cole*, 2017 IL 120997, ¶ 18; *Djikas*, 344 Ill. App. 3d at 11; *Village of Gilberts v. Holiday Park Corp.*, 150 Ill. App. 3d 932, 936-37 (1986).

(accounting for a Sunday) meant November 18. Stevenson got these motions in just under the wire, filing them on November 18. So the circuit court had jurisdiction to consider them.

¶ 63                                    2. Appellate Jurisdiction

¶ 64     The next question is our appellate jurisdiction over the order denying these collateral motions—again, the motion to clarify and the motion for rule to show cause. We can say this much from the outset: she timely appealed them. The circuit court denied these two motions on November 21, and she appealed them the same day. It does not get timelier than that.

¶ 65     We have jurisdiction over the November 21 order denying Stevenson's motion for contempt. Her motion for contempt was a "claim" under Supreme Court Rules 303 and 304, defined as " 'any right, liability or matter raised in an action.' " *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008) (quoting *Marsh*, 138 Ill. 2d at 465). The adjudication of a motion for contempt is a final judgment under Rule 303. See *id.* at 152.

¶ 66     We recognize a difference between the *grant* of a motion for contempt accompanied by sanctions, on the one hand, and the denial of a motion for contempt, on the other. *Id.* A finding of contempt, if accompanied by sanctions, is a final judgment that is immediately appealable under Rule 304(b)(5). See Ill. S. Ct. R. 304(b)(5) (eff. Mar. 8, 2016).

¶ 67     The *denial* of a motion for contempt, as here, though a final judgment, is not immediately appealable unless accompanied by Rule 304(a) language allowing immediate appeal. *In re Marriage of Carrillo*, 372 Ill. App. 3d 803, 813 (2007). If no Rule 304(a) language is included in the order denying the motion for contempt, the order cannot be appealed until the "entry of a final judgment on all claims." *Id.*

¶ 68    Here, however, when the court denied the contempt motion on November 21, no other claim or issue remained in the case. So that order was immediately appealable. And Stevenson did appeal it—immediately, that same day. We have jurisdiction to review that order.

¶ 69    But we lack jurisdiction to review that portion of the court's November 21 order that denied Stevenson's motion to clarify. As noted, in substance she sought injunctive relief, seeking to "reverse" her eviction, which she claimed was "illegal" because her successive motion to reconsider the final judgment had the effect, in her view, of staying the final judgment.

¶ 70    The order denying the motion for temporary injunctive relief could not be considered a final judgment in any conceivable sense of that phrase. The relief requested was limited in duration and did not conclusively resolve any claim or issue between the parties. See *Santella v. Kolton*, 393 Ill. App. 3d 889, 903 (2009); *Same Condition, LLC v. Codal, Inc.*, 2022 IL App (1st) 220687-U, ¶ 43. It was not a final judgment under Rule 303.

¶ 71    Nor do we have jurisdiction under Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017), which governs appeals of temporary injunctive relief. That rule applies to interlocutory orders, and injunctive relief issued (or denied) after the final judgment is "not interlocutory in nature." *Gardner v. Mullins*, 234 Ill. 2d 503, 510 (2009); *Karolewicz*, 2022 IL App (1st) 192091, ¶ 24.

¶ 72                                    II. The Merits

¶ 73    That leaves one order for our review, the order denying Stevenson's motion for a rule to show cause. Her premise was that the Association should be held in contempt for violating the "stay" of the final judgment and letting the sheriff evict her. That premise is mistaken.

¶ 74    To repeat, the circuit court lost jurisdiction over the July 31 final judgment of eviction on October 18, when it denied Stevenson's timely motion to reconsider the final judgment. True, she then filed a second motion to reconsider on October 29, but that successive motion was not

only disallowed by Rule 274 but, more to the point, was untimely. A timely motion directed against the judgment will stay the final judgment. 735 ILCS 5/2-1203(b) (West 2024). An untimely one will not. See *Sears*, 85 Ill. 2d at 259 ("[A]n untimely motion *** neither stays the judgment nor extends the time for appeal.").

¶ 75     So when the sheriff evicted Stevenson on November 12, no stay was in place. There is thus no basis for a contempt finding against the Association. We affirm the denial of the motion for a rule to show cause.

¶ 76     We are sympathetic to a *pro se* defendant trying to navigate these procedural and jurisdictional waters. But we may not ignore jurisdictional rules. The circuit court lost jurisdiction over the final judgment on October 18, when it denied the motion to reconsider it. Stevenson could have sought a stay of judgment pending appeal at that point, and if denied, she could have filed a notice of appeal and sought a stay from this court under Illinois Supreme Court Rule 305 (eff. July 1, 2017). The steps she took, instead, did not operate as a stay.

¶ 77                              CONCLUSION

¶ 78     We dismiss this appeal insofar as it seeks our review of the July 31 final judgment, the October 18 denial of the motion to reconsider the final judgment, and the November 21 order's denial of Stevenson's second motion to reconsider and motion to clarify. We affirm that portion of the November 21 order that denied her motion for a rule to show case.

¶ 79     Affirmed in part and dismissed in part.

*Royal Oak Condominium Ass'n v. Stevenson*, **2025 IL App (1st) 242317**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23-M5-4405; the Hon. Nicole Castillo, Judge, presiding. |
| **Attorneys for Appellant:** | Brittaney M. Stevenson, of Oak Lawn, appellant *pro se*. |
| **Attorneys for Appellee:** | Collin A. Carlucci, of Cervantes Chatt & Prince P.C., of Burr Ridge, for appellee. |