2026 IL App (1st) 250264-U

FIFTH DIVISION
April 17, 2026

No. 1-25-0264

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| DISGRASE FELYER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Defendant-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M 1657262 |
| | ) | |
| CITY OF CHICAGO | ) | Honorable |
| | ) | Maryam Ahmad, |
| Plaintiff-Appellee. | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Wilson concurred in the judgment.

## ORDER

¶ 1    *Held*:    Defendant's appeal from the circuit court's turnover order is untimely. However, we have jurisdiction to review and we affirm the circuit court's order striking his petition for relief from judgment

¶ 2    Defendant Disgrase Felyer appeals from the circuit court's October 13, 2023, entry of an order directing J.P. Morgan Chase Bank (J.P. Morgan) to turn over funds from his account to the City of Chicago to satisfy a judgment entered against Mr. Felyer several years earlier. He also appeals the circuit court's order striking his petition for relief from judgment filed under section

2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), in which he argued that the turnover order was void for lack of personal jurisdiction. For the following reasons, we have no jurisdiction to review Mr. Felyer's appeal from the turnover order as it is untimely, and we affirm the circuit court's order striking his petition for relief from judgment because the petition lacked merit.

¶ 3                                   I. BACKGROUND

¶ 4      This appeal stems from an administrative judgment entered against Mr. Felyer in the Chicago Department of Administrative Hearings on March 9, 2018, finding him liable for $2,540 in fines for five property-related municipal code violations. That judgment has resulted in a number of lawsuits between Mr. Felyer and the City of Chicago (City), including this case.

¶ 5      On December 7, 2022, the City registered the unsatisfied administrative judgment against Mr. Felyer in the circuit court which, with interest, had grown to $4,262.74. The City then issued to Mr. Felyer a citation to discover his assets, directing him to appear before the court and answer questions under oath about his income and finances. According to an affidavit by an employee of Barrister Investigations and Filing Service, Inc. (Barrister), the citation could not be served because the address listed on the citation, 6801 W 73rd St. Unit 502, was a United States Postal Service location, and possibly a P.O. box.

¶ 6      The City issued two subsequent alias citations. A Barrister employee then filed an affidavit stating that neither of these could be served because the address listed on them, 3741 S. Archer Ave. Apt 2, was a gated and vacant construction site. The City issued a third alias citation on January 19, 2023, listing Mr. Felyer's address as 3471 S. Archer Ave. Apt 2. In an affidavit, the Barrister employee stated that he made four unsuccessful attempts, each on different days and times, to serve this third alias citation on Mr. Felyer. He explained that during each attempt

someone was "peeking out through the window" but did not open the door.

¶ 7    The City subsequently began issuing citations to discover Mr. Felyer's assets directed to several third parties. On September 6, 2023, the City issued one of these citations to J.P. Morgan, listing Mr. Felyer's last known address as 3471 S. Archer Ave., Apt 2. That citation was served on J.P. Morgan on September 11, 2023. A certificate signed by a legal assistant indicated that a copy was mailed to Mr. Felyer at his last known address within three days of that service. On October 13, 2023, the City issued a turnover order to J.P. Morgan, directing it to release $2,673.85 from an account held by Mr. Felyer, which J.P. Morgan complied with.

¶ 8    On December 6, 2024, Mr. Felyer filed in the circuit court a *pro se* petition under section 2-1401 of the Code seeking to vacate the turnover order. In his petition, he argued that he was never served with a citation to discover his assets or notified of this case, even though the City and its counsel were in contact him because he was engaged in a separate lawsuit against both parties. He also noted that the City never received permission from the court to use Barrister for service or attempted to effectuate service by another means like email or text message. Mr. Felyer attached to his petition an affidavit swearing that he had not been served, and records of the unsuccessful attempts to serve him with the initial and alias citations to discover assets.

¶ 9    The City does not appear to have filed a response to the petition . On December 30, 2024, Mr. Felyer filed a motion requesting an "initial case management date" for his petition. Nothing further was included in the initial record on appeal except for Mr. Felyer's notice of appeal, which was filed on February 10, 2025, and names the orders being appealed as entered on October 13, 2023, and January 15, 2025.

¶ 10    On February 10, 2025, Mr. Felyer filed a request for preparation of the record on appeal in the circuit court. On July 3, 2025, Mr. Felyer filed a motion in this court asking that his driver's

license application dated June 28, 2022, and listing an address in Mount Prospect, Illinois be made part of the record on appeal. This court denied that motion on July 7, 2025.

¶ 11 In his opening brief, which he filed July 28, 2025, Mr. Felyer argued that the circuit court lacked personal jurisdiction over him and that the October turnover was therefore void. On November 10, 2025, the City filed a response brief, arguing in part that, because the January 15, 2025, order which Mr. Felyer purported to appeal was not included in the record on appeal, Mr. Felyer had not carried his burden of demonstrating that this court had jurisdiction over the order dismissing his 2-1401 petition.

¶ 12 On November 25, 2025, and December 15, 2025, Mr. Felyer filed motions under Ill. S. Ct. Rule 329 to supplement the record on appeal with that order, which indeed had not been included in the record that was filed in this court by the clerk of the circuit court. We allowed the motions on December 22, 2025. On February 4, 2026, the record was supplemented with the order.

¶ 13 The order is dated as signed on January 15, 2025, and stamped as filed on January 16, 2025. Technically, it is a January 16, 2025, order but there is certainly no confusion in Mr. Felyer referring to it as the January 15, 2025, order and we will continue to refer to it as such. See Ill. S. Ct. R. 272 (eff. Jan. 1, 2018) (where, as here, a written judgment order has been signed by the judge, the judgment becomes final only when filed).

¶ 14 The order states that "[o]n the court's own motion, [Mr. Felyer's] Motion for Case Management and Section 2-1401 Petition to Vacate Judgment are stricken as improperly filed before this court." The order also notes that the City had filed a timely objection. Neither that objection, nor a transcript of any court proceeding, are included in the record on appeal.

¶ 15                                      II. JURISDICTION

¶ 16 The circuit court entered the turnover order on October 13, 2023, and entered the order

4

striking Mr. Felyer's 2-1401 petition on January 16, 2025. Mr. Felyer filed a notice of appeal on February 10, 2025, stating that he wanted to appeal both of these orders.

¶ 17    As the City points out, because this notice of appeal was filed more than 30 days after the entry of the turnover order, the portion of his appeal that is from that turnover order is untimely and must be dismissed. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (providing that a notice of appeal must be filed within 30 days after the entry of the judgment appealed from or an order disposing of a timely postjudgment motion directed against the judgment); *Royal Oak Condominium Ass'n, Inc. v. Stevenson*, 2025 IL App (1st) 242317, ¶ 26 (if a notice of appeal is untimely filed from a judgment the appellate court lacks jurisdiction over it and must dismiss the portion of the appeal challenging that judgment). The 2-1401 petition that Mr. Felyer filed would not make this portion of his appeal timely because it is not a timely postjudgment motion but, rather, "an independent and separate action." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31.

¶ 18    However, Mr. Felyer's appeal of the January 15, 2025, order, which disposed of his section 2-1401 petition, is timely filed. As we explain in more detail in our analysis, we reject the City's argument that the order's absence from the initial record on appeal bars this appeal. We have jurisdiction over this portion of Mr. Felyer's appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), which govern appeals from final judgments entered by the circuit court in civil cases.

¶ 19                                    III. ANALYSIS

¶ 20    On appeal, Mr. Felyer argues that the circuit court erred in striking his section 2-1401 petition for relief from judgment filed against the turnover order, because he was never properly served with the citation leading to the turnover order. He contends that the failure to serve him

means the turnover order is void for a lack of personal jurisdiction.

¶ 21    In response, the City first argues that, because the initial record on appeal did not include the circuit court's order striking Mr. Felyer's section 2-1401 petition, Mr. Felyer has not carried his burden of showing that this court has jurisdiction and we should dismiss this appeal.  The City is correct that  the appellant bears the burden of presenting a sufficiently complete record on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389 (1984). This burden includes establishing that the reviewing court has jurisdiction. See *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶¶ 3-4 (dismissing appeal where record was insufficient for court to determine jurisdiction). See also *Fricke v. Jones*, 2021 IL App (5th) 200044, ¶ 44 (dismissing portion of appeal relating to judgment absent from the record).

¶ 22    However, it is the clerk of the circuit court that is responsible for, in the first instance, preparing and certifying the contents of the record on appeal. Ill. S. Ct. R. 324 (eff. July 1, 2017). Where the record that the clerk prepares is not complete, the parties may supplement it with the court's approval. Ill. S. Ct. R. 329 (eff. July 1, 2017).

¶ 23    Here, after filing his notice of appeal, Mr. Felyer, a *pro se* litigant, requested that the clerk of the circuit court prepare and transmit the record on appeal to this court. The order dated January 15, 2025, was not included. When the City raised this omission in its response brief, Mr. Felyer motioned this court, first on November 24, 2025, to order the clerk of the circuit court to supplement the record with the order, and attached to his motion the order and the emails he had sent to the offices of both the appellate and circuit court clerks' offices asking for help in ensuring the January order was added to the record on appeal. He filed a second motion to the same effect on December 15, 2025. This court granted his motions, and the circuit court ultimately transmitted a supplemental record containing the order. Thus, that order is in the record. The order makes clear

that Mr. Felyer's appeal of that order is timely and the City's argument that Mr. Felyer has failed to demonstrate that we have jurisdiction is rejected.

¶ 24    The City also argues that Mr. Felyer's 2-1401 petition lacks merit and we agree. Although the circuit court's January 15, 2025, order states merely that Mr. Felyer's section 2-1401 petition was being stricken because it was "improperly filed," without providing the court's reasoning, we may affirm on any basis apparent in the record. *People v. Dillon*, 2025 IL App (1st) 241535, ¶ 30. We affirm here  because we agree with the City that Mr. Felyer's petition lacks merit.

¶ 25    Section 2-1401 of the Code establishes a statutory procedure for litigants seeking to vacate a final judgment entered more than 30 days earlier. 735 ILCS 5/2–1401(a) (West 2024). Generally, petitions brought pursuant to section 2-1401 must be filed within two years of the order or judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). The timeliness requirement, however, does not apply when a petition, such as this one, alleges that the prior judgment is void. *Id*. at 104.

¶ 26    A judgment is void when the court that entered it lacked personal or subject-matter jurisdiction. *Barnard v. Michael*, 392 Ill. 130, 135 (1945). If a respondent or defendant is not served in compliance with the relevant statutory manner of service, the circuit court lacks personal jurisdiction over him. *Statia v. Orlet*, 2023 IL App (5th) 220731, ¶¶ 14-15. Where, as here, a 2-1401 petition seeks to vacate a judgment as void because the court lacked personal jurisdiction over the defendant, our review is *de novo*. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 47.

¶ 27    The basis for Mr. Felyer's section 2-1401, petition is his claim that the circuit court's October, 13, 2023, turnover order is void for lack of personal jurisdiction because it was based on a citation to discover assets with which he was not personally served. However, this claim rests on

a misunderstanding of the jurisdiction necessary to order the turnover of assets in the hands of a third party, such as J.P. Morgan in this case.

¶ 28    Section 2-1402 of the Code governs the process by which a judgment creditor may commence supplementary proceedings for the purpose of discovering assets that may be applied to satisfy a judgment. *Fritz v. Ferry*, 2025 IL App (3d) 240489, ¶ 33. When the citation is directed to the debtor personally, it must be "served by personal service or abode service." 735 ILCS 5/2-1402(b-1) (West 2024). However, when the citation is directed to a third party whom the creditor believes holds assets belonging to the debtor, rather than the debtor himself, it is that third party who must be served. 735 ILCS 5/2-1402(b) (West 2024). The debtor need not be served but "the officer or person serving the citation shall send to the judgment debtor, within three business days of the service upon the cited party, a copy of the citation and the citation notice, which may be sent by regular first-class mail to the judgment debtor's last known address." *Id.*

¶ 29    Here, the City complied with the service requirements. The citation at issue was directed at a third-party. That third party was properly served. The City, within three days of serving J. P. Morgan, mailed a copy of the citation and notice to Mr. Felyer at his last known address. This is all that the statute requires.

¶ 30    Mr. Felyer argues that he updated his address with the Illinois Secretary of State in June 2022, which appears to be an attempt to suggest that the notice was not actually sent to his last known address. But he cites nothing in the record in support of this argument nor does he even say what that new address was. Thus, the City's affirmation in the record that it sent notice by mail to Mr. Felyer's last known address must be accepted as correct.

¶ 31    Mr. Felyer correctly points out that the City made several unsuccessful attempts to personally serve him with citations to discover his assets. But these unsuccessful attempts were

8

for citations to discover assets intended for Mr. Felyer himself, and not for the third-party citation issued to J.P. Morgan that gave rise to the turnover order he challenged in his section 2-1401 petition. Since the City complied with the statutory procedures for serving the third-party citation, the turnover order is not void for the court's lack of personal jurisdiction over Mr. Felyer. Mr. Felyer's section 2-1401 petition challenging the order based on this ground is meritless.

¶ 32                                    IV. CONCLUSION

¶ 33    Mr. Felyer's appeal from the court's October 13, 2023, turnover order is untimely. We therefore dismiss his appeal in part. We affirm the circuit court's order striking Mr. Felyer's section 2-1401 petition because that petition lacks merit.

¶ 34    Affirmed in part and dismissed in part.