2026 IL App (1st) 241662

FIRST DISTRICT
SECOND DIVISION
April 28, 2026

No. 1-24-1662

_____

| | |
|---|---|
| MARY OWENS, as Independent Administrator of the Estate of Tempie Owens, Deceased | ) ) ) Appeal from the Circuit Court of Cook County, Illinois |
| Plaintiff-Appellant, | ) County Department, Law Division ) |
| v. | ) ) |
| | ) No. 2017 L 009349 |
| BERKSHIRE NURSING & REHAB CENTER, LLC, an Illinois Limited Liability Company, d/b/a Aperion Care Forest Park , LLC, and LORY ARQUILLA-MALTBY, | ) ) ) Hon. Robert Senechalle Jr. ) Hon. John H. Ehrlich, ) Judges Presiding |
| Defendants-Appellees. | ) |

_____

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Justices McBride and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff Mary Owens, the administrator for the estate of Tempie Owens ("Tempie"), filed a lawsuit alleging wrongful death, medical negligence, and violations of the Nursing Home Care Act after Tempie died from a fall in a nursing home. She went to trial against two defendants: (1) Berkshire Nursing & Rehab Center ("Berkshire"), the nursing home, and (2) a nurse practitioner who contracted with Berkshire but was not its employee, Lory Arquilla-Maltby.

¶ 2 The jury returned verdicts in favor of each defendant and against plaintiff. The court entered judgment on those verdicts.

¶ 3 Plaintiff filed a timely post-judgment motion directed at that judgment—specifically, a

motion for a new trial. The first version of that post-judgment motion identified errors at trial that related exclusively to Berkshire's liability. Plaintiff later sought leave to amend the post-judgment motion (before it was ruled on) to claim evidentiary errors relating to Arquilla-Maltby's liability. The circuit court denied that motion, finding that it had no jurisdiction to entertain an amendment to the post-judgment motion because the amendment was more than 30 days after the final judgment. The court would later deny plaintiff's original motion for a new trial, leading to this appeal.

¶ 4    On appeal, plaintiff claims errors in various evidentiary rulings as they pertained to Berkshire's liability that warrant a new trial. She also claims the court erred in denying her motion to amend the post-judgment motion to include additional errors pertaining to the liability of Arquilla-Maltby. She argues that the court was wrong to believe that it lacked *jurisdiction* to consider an amendment to the post-judgment motion, that the court should have exercised discretion in determining whether to grant her leave but instead felt that it had no discretion.

¶ 5    We agree with plaintiff on the second point. The court had jurisdiction to allow plaintiff leave to amend her post-judgment motion. But the court did not exercise that discretion, believing it had lost jurisdiction. That error requires vacatur and unfortunately requires us, as well, to vacate the final judgment denying the motion for a new trial.

¶ 6                                    BACKGROUND

¶ 7    The underlying facts of this case are largely immaterial to our disposition, so we can be brief. The decedent, Tempie, was a resident of Berkshire and was under the care of Arquilla-Maltby, a nurse practitioner who contracted with, but was not employed by, Berkshire. Tempie had several ailments, dementia among them, but most relevant here, she suffered from severe hypothyroidism, which resulted in multiple falls, weakness, and ultimately her death from a fall.

Plaintiff filed claims arising under the Nursing Home Care Act as well as common-law medical malpractice and other torts, generally alleging negligence in the supervision and monitoring of Tempie's hypothyroidism and in keeping her safe from the risk of falls.

¶ 8 The case was tried to a jury. The jury returned a verdict for defendants. The court entered judgment on August 8, 2023—a single judgment order entering judgment for each defendant.

¶ 9 On September 7, 2023, plaintiff filed a "Motion to Extend the Page Limit and Leave to File the Attached Motion for a New Trial, *Instanter*." That motion attached the proposed post-judgment motion for a new trial.

¶ 10 The court granted plaintiff leave to file the motion for a new trial with an enlarged page limit of 20 pages. The order read: "Plaintiff's [*sic*] may file Plaintiff's Motion for a New Trial, that was attached to and filed with the Plaintiff's Motion for Leave to Extend, with a page limit of 20 pages." The court considered the post-judgment motion timely, as plaintiff sought leave to file it *instanter* (albeit with a larger page limit) within 30 days of the judgment on the verdict.

¶ 11 The motion for a new trial focused on trial errors pertaining to the liability of Berkshire, not Arquilla-Maltby. The motion contained five arguments, each asserting trial errors relevant to liability under the Nursing Home Care Act. Plaintiff only sued Berkshire under the Nursing Home Care Act; the one count directed at Arquilla-Maltby sounded in "negligence/wrongful death" and contained no allegations relevant to the Nursing Home Care Act. In other words, by all appearances, the motion for a new trial only sought a new trial against Berkshire.

¶ 12 As such, on September 11, Arquilla-Maltby moved for the entry of Rule 304(a) language as to the judgment on the verdict insofar as it pertained to her. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). She reasoned that the motion for new trial was not directed at the judgment in *her* favor, but the 30-day clock to appeal was tolled because the claim against Berkshire remained

pending; thus, she needed Rule 304(a) language to start the 30-day clock. See *id.* (final judgment is not appealable until all claims against all parties are resolved unless court enters written finding that no just reason exists to delay appealability of order).

¶ 13    But plaintiff responded by seeking leave to amend her post-judgment motion for a new trial to add a claim of error related to Arquilla-Maltby. In addition to the five arguments she had already made relevant to the claims under the Nursing Home Care Act, plaintiff now asserted that the trial court's evidentiary rulings "prejudiced [plaintiff's] ability to present evidence against Nurse Maltby in similar respect, including testimony concerning FT4 testing, timeliness of testing, referring Tempie out to an endocrinologist, and otherwise recommending fall interventions to the Nursing Home."

¶ 14    In a written order, the court denied plaintiff leave to amend her motion for a new trial, believing that it lacked jurisdiction to grant the motion. The court noted that section 2-1202 of the Code of Civil Procedure requires that post-judgment motions directed at the final judgment be filed within 30 days. See 735 ILCS 5/2-1202(c) (West 2024). "Absent a timely filing," wrote the court, "the circuit court loses jurisdiction." So while the court found the original motion to reconsider to be timely, the amendment was not, and the court lacked jurisdiction to consider it.

¶ 15    The court denied Arquilla-Maltby's request for written Rule 304(a) findings for the same reason—the request came more than 30 days after the final judgment. (That ruling is not before us on appeal.)

¶ 16    The court ultimately denied plaintiff's original motion for a new trial regarding the Nursing Home Care Act counts. This timely appeal followed.

¶ 17    On appeal, plaintiff claims that the trial court committed various evidentiary errors warranting a new trial and that the court erred in denying her motion for leave to amend her post-

judgment motion for a new trial to add claims of error regarding Arquilla-Maltby.

¶ 18                                          ANALYSIS

¶ 19     We agree with plaintiff that the trial court had discretion to grant or deny her motion to amend her motion to reconsider. The court had jurisdiction to consider the post-judgment motion and any amendments to that post-judgment motion until the court denied that motion. We explain below.

¶ 20     The court loses jurisdiction over a timely filed post-judgment motion only after it denies that post-judgment motion. See *Sears v. Sears*, 85 Ill. 2d 253, 258, 260 (1981); *Royal Oak Condominium Ass'n v. Stevenson*, 2025 IL App (1st) 242317, ¶ 39 ("The unmistakable holding of *Sears* is that the circuit court loses jurisdiction over a final judgment once it denies the timely postjudgment motion directed at that final judgment."); *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 21 (same); *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 5 (same).

¶ 21     But until that post-judgment motion is denied, the circuit court retains jurisdiction. So if a party that has filed a timely post-judgment motion seeks to amend that motion to add new attacks against the final judgment, the circuit court retains discretion to allow that amendment. See *City of Chicago v. Greene*, 47 Ill. 2d 30, 33 (1970) (additional issues not raised in defendant's original post-trial motion "could have been regarded as a supplement or amendment to his original post-trial motion and it was properly within the discretion of the trial court to have allowed the defendant leave to file such subsequent motions"); *Frank v. Village of Barrington Hills*, 106 Ill. App. 3d 747, 751 (1982) ("A trial court is recognized to have the discretionary power to allow a party to amend or supplement its post-trial motion with additional issues.").

¶ 22    It was within the trial court's discretion to allow or disallow plaintiff to supplement her post-judgment motion to reconsider. We have upheld a trial court's decision to allow leave to amend. See *In re Marriage of Jones*, 187 Ill. App. 3d 206, 213-14 (1989) ("we find that the trial court, in a proper exercise of its discretion, allowed Corinne to orally raise the issues on June 11 and 13, 1986" that supplemented original post-judgment motion). And we have upheld a trial court's exercise of discretion to deny leave to add new arguments to a post-judgment motion. See *Bean v. Volkswagenwerk Aktiengesellschaft*, 109 Ill. App. 3d 333, 341 (1982) ("the trial judge did not abuse his discretion by striking defendant's amendment to his post-trial motion," as "defendant could easily have included the amended portion in his original motion filed on June 24" and "[d]efendant does not explain why he waited until August 3 to bring the matter to the court's attention").

¶ 23    It is of no consequence that the final judgment disposed of two claims, one against Berkshire and one against Arquilla-Maltby. The judgment in favor of Arquilla-Maltby was a final judgment, to be sure, but once the post-judgment motion was filed, that final judgment was not appealable absent Rule 304(a) language—it would not be appealable until the post-judgment was resolved. So the court retained jurisdiction to consider a challenge to the judgment in favor of Arquilla-Maltby if, in its discretion, it allowed plaintiff to amend her original post-judgment motion to add a challenge to Arquilla-Maltby's victory.

¶ 24    It is certainly true, as the circuit court noted and as Berkshire emphasizes, that plaintiff is barred from filing successive post-judgment motions. Illinois Supreme Court Rule 274 (eff. July 1, 2019) expressly forbids it. And both Rule 303 and our supreme court have made it clear that a successive post-judgment motion will not toll the 30-day clock to appeal. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) ("No request for reconsideration of a ruling on a postjudgment motion will toll

the running of the time within which a notice of appeal must be filed under this rule."); *Sears*, 85 Ill. 2d at 259 (filing of successive postjudgment motion does not toll time for appeal of final judgment); *Stevenson*, 2025 IL App (1st) 242317, ¶ 19.

¶ 25    But an amendment of a post-judgment motion *before it has been denied* is "clearly not in the nature of a successive post-trial motion." *Jones*, 187 Ill. App. 3d at 214. A successive post-judgment motion is one that seeks reconsideration *after* the first post-judgment motion is *denied*. *Id.*; see *Sears*, 85 Ill. 2d at 259. And the reason successive post-judgment motions are forbidden is that permitting them "would allow litigants to prolong litigation over a final judgment indefinitely in the circuit court." *Stevenson*, 2025 IL App (1st) 242317, ¶ 19; see *Sears*, 85 Ill. 2d at 259.

¶ 26    For example, in *Village of Island Lake v. Parkway Bank & Trust Co.*, 212 Ill. App. 3d 115, 121 (1991), the defendants attempted to raise additional arguments directed at the final judgment *after* their timely post-judgment motion was denied. They claimed the new arguments were nothing more than amendments to their original post-judgment motion, authorized by the supreme court decision in *Greene* and the appellate decision in *Marriage of Jones* (both of which we have discussed above). *Id.* We rejected that argument because, in those decisions, the post-judgment motion was still under consideration when the parties sought to amend it. *Id.* In contrast, the post-judgment motion to reconsider in *Village of Island Lake* had already been denied, and thus "the trial court lost jurisdiction and, for this appeal to be timely, notice of appeal had to be filed within 30 days of the order denying the motion to reconsider." *Id.*

¶ 27    The long and short is that, when plaintiff sought leave to amend her post-judgment motion, the circuit court had not lost jurisdiction over the final judgment and had the discretion to allow an amendment to the post-judgment motion. But the court believed its hands were tied

due to lack of jurisdiction and thus never exercised that discretion.

¶ 28    When a court is required to exercise discretion but fails to do so, that failure itself is typically an abuse of discretion. *Seymour v. Collins*, 2015 IL 118432, ¶ 50; *People v. Conner*, 2025 IL App (4th) 240972, ¶ 29 ("A trial court abuses its discretion where 'it fails to understand it has discretion to act or wholly fails to exercise its discretion.' " (quoting *People v. Lovelace*, 2018 IL App (4th) 170401, ¶ 33)). If that error is harmless or if the matter may be adjudicated otherwise, a reviewing court may proceed to analyze the matter. See *People v. Bernard*, 2021 IL App (2d) 181055, ¶ 25 ("the effect of such a failure to exercise discretion must be assessed in the context of the entire proceeding").

¶ 29    For example, the supreme court, though recognizing that the trial court failed to exercise discretion when applying the doctrine of judicial estoppel, simply proceeded to analyze the court's ruling without deferential review—that is, *de novo*. *Seymour*, 2015 IL 118432, ¶ 50. Here, however, we cannot step into the trial court's shoes and determine whether plaintiff should be granted leave to amend her post-judgment motion. It is one thing, as in *Seymour*, to review a substantive ruling but simply alter the standard of review. Here, the court made no ruling on the substance of plaintiff's request; it would be nonsensical for us to apply *de novo* review and simply make the ruling ourselves. This decision is clearly more appropriate for the trial court.

¶ 30    We thus vacate the court's order denying plaintiff leave to amend her post-judgment motion and remand for the trial court to consider that motion in the exercise of its discretion. And the unfortunate consequence is that, because we cannot know how the court will rule in the exercise of its discretion—because the court may allow the amendment, thus adding additional arguments to the motion for a new trial—we must necessarily vacate the court's later order denying the motion for a new trial.

¶ 31    Obviously, both parties fully briefed the substantive arguments regarding the counts pertaining to Berkshire under the Nursing Home Care Act. After the circuit court rules and the proceedings in the circuit court conclude, should another appeal follow, we will gladly entertain a motion to expedite proceedings and even a motion to adopt prior briefs, should that be appropriate.

¶ 32                                            CONCLUSION

¶ 33    The order denying plaintiff leave to amend her post-judgment motion, and the order denying plaintiff's motion for a new trial, are vacated. The cause is remanded for further proceedings consistent with this opinion.

¶ 34    Vacated and remanded.

*Owens v. Berkshire Nursing & Rehab Center, LLC*, 2026 IL App (1st) 241662

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2017-L-009349; the Hon. Robert Senechalle Jr. and the Hon. John H. Ehrlich, Judges, presiding. |
| **Attorneys for Appellant:** | Yao O. Dinizulu, of Dinizulu Law Group, Ltd., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Garrett L. Boehm Jr., Gregory E. Schiller, and David J. Thompson, of Johnson & Bell, Ltd., of Chicago, for appellee Berkshire Nursing & Rehab Center, LLC. |
| | William P. Gruebel, Shannon E. Buckley, and Robert E. Elworth, of Swanson, Martin & Bell, LLP, of Chicago, for other appellee. |